### GEORGE W. L. HATCH *vs.* ELIAS N. LANE.

The defendant, a baker, employing several drivers in delivering bread in T. and adjoining towns, inserted in a newspaper published in T. a notice that, the plaintiff "having left my employ, and taken upon himself the privilege of collecting my bills, this is to give notice that he has nothing further to do with my business." In an action for libel in publishing this notice, the plaintiff requested the judge to rule that the community had no such interest in the subject matter of it as would authorize the defendant to make it through the medium of a newspaper. The judge refused so to rule, and ruled that the publication was privileged, if made in good faith, and the jury should find it was a necessary or reasonable mode of giving notice. *Held*, that the plaintiff had no ground of exception.

TORT for publishing in the Taunton Daily Gazette the following notice, signed by the defendant, concerning the plaintiff: "A young man named George Hatch having left my employ, and taken upon himself the privilege of collecting my bills, this is to give notice that he has nothing further to do with my business."

At the trial in the superior court, before *Wilkinson*, J., the defendant justified the publication on the ground that its occasion was such as to make it a privileged communication. The evidence as to the truth of the charge was contradictory. It appeared that the plaintiff was employed by the defendant, a baker in Taunton, to drive one of his bread carts, for the purpose of selling bread for cash and on credit, upon regular routes in Taunton and adjoining towns, from August to October 1869; that it was only from persons dealing with the plaintiff on these routes that the defendant contended that his money had been collected; and that the defendant, during the time, employed several drivers, selling and delivering bread in Taunton and adjoining towns. The publication of the alleged libel began on November 4, 1869, and was continued till November 8 inclusive.

Upon this state of facts the plaintiff asked the judge to rule " as matter of law, that the whole community had no such interest corresponding to the interest of the defendant in the subject matter of the publication, as would authorize him to make it through the medium of a public newspaper; " but the judge refused so to rule, and ruled " that the publication was a privileged communication if made in good faith in a local newspaper published in

Taunton and the jury should find it was a necessary or reasonable mode of giving notice." Evidence offered by the plaintiff as to the amount of damages was rejected by the judge, and is now immaterial. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. R. Townsend*, for the plaintiff.

*J. Brown*, for the defendant, was not called upon.

WELLS, J. The case shows that the defendant was entitled to the benefit of his plea of privilege. No exception was taken to the ruling on that point. The exception is to the refusal of the court below to rule as requested by the plaintiff; " as matter of law, that the whole community had no such interest corresponding to the interest of the defendant in the subject matter of the publication, as would authorize him to make it through the medium of a public newspaper." The question thus raised relates only to the mode adopted to make the communication to those for whom it was properly intended. They were the customers of a baker, who " employed several drivers, selling and delivering bread in Taunton and adjoining towns." The fact that a communication is made in the hearing of others than the parties immediately interested will not, of itself, defeat the defence of privilege. *Brow* v. *Hathaway*, 13 Allen, 239. If the circulation of the newspaper was more extensive than the routes of the defendant's business; or if the communication thereby came to the notice of persons not customers of the defendant, that fact would not, of itself, defeat the defence of privilege; nor necessarily prove malice. It would be evidence upon the question of express malice, to be considered by the jury. That question was submitted to the jury, under proper instructions; and the jury, by their verdict, have found that it was a reasonable mode of giving the notice; thus negativing express malice.

The verdict for the defendant being sustained as properly rendered, the other question as to the exclusion of evidence to affect the amount of damages becomes of no importance.

*Exceptions overruled.*