LOUISE DECKER, RESPONDENT, *v.* JOEL GAYLORD AND ALBERT GAYLORD, EXECUTORS, ETC., OF HORACE GAYLORD, DECEASED, APPELLANTS.

*Slander — privileged communication — what is — when actual malice must be proved — an unsustained justification is not evidence of malice.*

Communications made in good faith and in a proper manner to a school commissioner by a resident of the district, charging the woman then teaching in the district with being unchaste and using profane and obscene language, are privileged.

The presumption is that the person making such a communication is acting in good faith, and the burden of proving that he acted with actual malice rests upon the party seeking to hold him liable for slander.

The falsity of the charge is not of itself sufficient to raise an inference of malice.

The allegation of the truth of the charge in the answer, by way of justification, is not evidence of a malicious intent even though the charge be found to be untrue.

APPEAL from a judgment against the defendants' testator, entered on a verdict rendered at the Erie Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*A. C. Calkins,* for the appellants.

*Adelbert Moot,* for the respondent.

BRADLEY, J.:

The action is slander, and the words alleged to have been spoken by the defendants' testator of the plaintiff are to the effect that she was of bad character and licentious and that she used profane and obscene language. The answer denied and justified the slander as charged and alleged that the communication was privileged.

The plaintiff was then teaching school in the district of which the defendants' testator was a resident. And the words were by him spoken to the school commissioner in whose official district was embraced that school district.

The evidence tended to prove that the language used by the testator in his interview with and communication to the commissioner was such as to impute unchastity to the plaintiff and sufficient to afford to her a cause of action if false, unless privileged. (Code

Civ. Pro., § 1906.)  The commissioner was a proper person to receive information relating to the moral character and habits of the school teacher in the district. It was his duty to examine charges made in that respect, and if after due hearing had, sustained, to annul certificate, etc. (Laws 1864, chap. 555, tit. 2, § 13, sub. 7.)

The defendants' testator was lawfully permitted, in good faith and in a proper manner, to make communication to the commissioner in respect to the conduct and moral character of the school teacher of his district and to state what he honestly believed to be the truth, although defamatory of her character. And the presumption is that a communition made by a person authorized by his relation to the subject, or to the society interested, to a person or body having authority to act in the premises, is made in good faith, and his liability to the party aggrieved is dependent on actual malice which the plaintiff in an action therefor assumes the burden to prove. The falsity of the charge is not sufficient to raise inference of malice. (*Lewis* v. *Chapman*, 16 N. Y., 369; *Fowles* v. *Bowen*, 30 id., 20; *Ormsby* v. *Douglass*, 37 id., 477; *Hart* v. *Gumpach*, L. R., 4 P. C., 439; 4 Moak's Eng. R., 138, 156; *Laughton* v. *The Bishop, etc.*, L. R., 4 P. C., 495; 4 Moak's Eng. R., 162, 174; *Harwood* v. *Keech*, 4 Hun, 389.) Nor is the alleged truth of the charge in the answer, by way of justification, evidence of malicious purpose although the charge be untrue. (*Wilson* v. *Robinson*, 7 Ad. & Ell. [N. S.], 68; *Klinck* v. *Colby*, 46 N. Y., 428.) But the circumstances attending the speaking of the words, the manner in which it is done, and the fact that the communication is purposely made in the presence and hearing of others, may furnish evidence of malice for the consideration of the jury and enable them to impute to him improper motives. (*Padmore* v. *Lawrence*, 11 Ad. & Ell., 380; *Fountain* v. *Boodle*, 3 Ad. & Ell. [N. S.], 5; *Fryer* v. *Kinnersley*, 15 C. B. [N. S.], 422.) And it is difficult to define any rule of limitation to the extrinsic evidence admissible to prove malice, if it be such as tends to show what may have actuated the defendant in making the charges in question. (Odgers on Libel and Slander, 271.) These suggestions have reference only to qualified, as distinguished from absolute, privilege. This case comes within the former, and it will be assumed that it required to support the action evidence that the words were spoken with malice; and being untrue it was unneces-

sary for the plaintiff to prove want of probable cause. (*Howard* **v.** *Thompson*, 21 Wend., 319.) The statute does not provide any particular manner for presentation of charges, but it seems that the commissioner required charges to be made in writing and so advised the defendants' testator; and no proceedings were taken on those made, and none were afterwards had. The omission of the testator to subsequently institute any proceeding for that purpose has alone no significance on the question of motive.

The main question arises on the exception to the refusal of the court to charge as requested, " that if the defendant, believing that he was trustee of the district, went to the commissioner and in good faith stated what he believed to be true about the plaintiff, it was a privileged communication." There is some evidence tending to prove, that prior to the occasion in question, at a school district meeting, the vote of a previous election of trustee was in terms rescinded and the defendant's testator elected trustee. He was advised at this interview with the commissioner and by the latter, that the action of the meeting was ineffectual to divest the other trustee of the office or to invest him with it, but it does not appear at what stage of the interview with the commissioner this part of the conversation occurred, nor does it appear that at the time he made the charges he did not believe he was trustee.

In the view taken of the case, the fact whether he believed himself trustee or not has no importance, but was wholly immaterial for the purposes of the question of privilege. The qualification embraced in the request had the legitimate effect only to narrow and restrict the circumstances which would enable the jury to find that the communication was privileged, and thus simply prejudiced the defendant, and did not in any other respect embarrass the request. It was an unnecessary qualification and was more favorable to the plaintiff than it would have been with the omission of that fact. In that view the request was not rendered improper by the inclusion of the immaterial fact of the limitation. And for the purposes of the question here the request may be treated the same as if that had not been included, inasmuch as the conclusion must follow in either event on the other facts embraced in it. This request, fairly construed, included all the jury might find the testator then said about the plaintiff. And his belief that it was

true, and his good faith in making the statement constitute all the elements requisite to the privilege. It is difficult to see any reason why he was not entitled to the instruction requested, unless it was covered by the charge as made, or malice on the part of the defendant was conclusively established. The court had not covered this proposition, nor did the court instruct the jury in effect that if they found the words were spoken, as claimed and proved on the part of the plaintiff, they were in any event privileged if not true. And while the evidence may be sufficient to present the question of malice of the defendant as one of fact for the jury, it was by no means conclusively established. The defendant, therefore, had the right to have the jury advised what was required to render his communication to the commissioner a privileged one; that it was not dependent on the truth of the words spoken, but only on his belief that they were true and the good faith of the communication.

This proposition is so well settled that no discussion of it as applied to this case seems necessary. (*Halstead* v. *Nelson*, 24 Hun, 395; *O'Donaghue* v. *McGovern*, 23 Wend., 26; *Bradley* v. *Heath*, 12 Pick., 163; *Gassett* v. *Gilbert*, 6 Gray, 94; *Hatch* v. *Lane*, 105 Mass., 394; *Vanderzee* v. *McGregor*, 12 Wend., 545; *Streety* v. *Wood*, 15 Barb., 105; *Whiteley* v. *Adams*, 15 C. B. [N. S.], 392; *Dawkins* v. *Lord Paulet*, L. R., 5 Q. B., 102.) The relation of the defendant to the school district and school enabled him to deem it his duty to communicate to the officer having the power and charged with the duty to act upon charges made against the moral character of the teacher, and make the result of his examination effectual either to sustain or disqualify the latter to continue as such in the district.

The welfare of district schools and of school districts require that the honest and fair exercise of this privilege should have protection; and the law, as it should, will condemn the act and afford redress when under the guise of the privilege the opportunity is taken to vilify and defame a teacher for purposes selfish and malicious. (*Harwood* v. *Keech*, 4 Hun, 389.) But when the relation to the district of the parties to the communication, and their duties are those before mentioned, the presumption arises that the charges are made in good faith and with a sense of duty unless circumstances attendant

or extrinsic tend to the contrary, and the burden is on the plaintiff to impugn by evidence the motives of the party making them. (*Shurtleff* v. *Stevens*, 51 Vt., 501; 31 Am. R., 698; *Brow* v. *Hathaway*, 13 Allen, 239; *Thorn* v. *Moser*, 1 Denio, 493; *Taylor* v. *Hawkins*, 16 Ad. & Ell. [N. S.], 308, 321; *Fowles* v. *Bowen*, 30 N. Y., 20; *Somerville* v. *Hawkins*, 10 C. B., 583, 590; *Harris* v. *Thompson*, 13 id., 333.) If these views are correct it follows that the defendants' exception to the refusal to charge as requested was error and so important that it cannot be disregarded. No other exception was well taken on the trial. The evidence that the teacher had punished the defendant's grandson who lived in his family was, with other circumstances, competent on the question of malice for the consideration of the jury if they found that he had knowledge of the fact. And the evidence offered to prove that the windows of the school-house and the door of the stove were taken out and away was not competent, unless it appeared that the defendant was in some way connected with the act, or was to some extent responsible for it. If that had appeared the fact would have been pertinent on the question of motive and might have enabled the jury to say that it tended to show malicious feeling against the plaintiff. There was, however, no evidence to warrant the conclusion that the defendant in any manner participated in the act of removal or to any extent caused it to be done. That evidence, therefore, was entitled to no consideration. But that did not necessarily make the exception to the admission of the testimony available to present error. The question whether anything happened to the school-house after the plaintiff was employed to teach was objected to "as incompetent and immaterial." The objection was overruled and exception taken. If the evidence might in any event become competent the question was one of order of proof and discretionary. (*Dunn* v. *People*, 29 N. Y., 523.) And if the objection had been specifically made that it did not then appear that the defendant was chargeable with the act, the court might have directed that the introduction of the evidence offered be postponed, until the introduction of other proof tending to show some connection of the defendant with the act, or have required the counsel to state whether he proposed to add such testimony. After the evidence was in and there was a failure to show any relation of the defendant to the transaction the

remedy was by motion to strike it out, or by request that the court direct the jury to disregard it. (*Murphy* v. *Boker*, 28 How., 251.)

There was no motion made to strike it out. The defendants counsel did ask the court to charge the jury to disregard that evidence, and the court thereupon stated that he had " virtually charged that already." The court had charged the jury in effect that the evidence was admitted with a view to ascertain whether the act of taking out the windows could be traced to the defendant, and advised them that there was no evidence by which they could find that it was done by the defendant, and that he regarded " it as of little importance and perhaps having no bearing upon the case."

If it may be insisted that the court did not, as unqualifiedly as he should have done, withdraw the evidence from the consideration of the jury, the question is not presented by any exception. And it may be assumed that the defendants' counsel was content with the response made by the court to his request in that respect. We have considered all the questions of fact, and concluded to determine them in favor of the plaintiff.

The judgment and order should be reserved. And because the original defendant has died no new trial can be had, nor can the defendant have judgment for costs against the plaintiff.

BARKER, J., concurs; HAIGHT, J., not sitting.

Judgment and order reversed on questions of law. The original defendant having died no new trial is ordered. No costs allowed as against the plaintiff.