STEFFEN *v.* SCHAEFER *et al.*

(*Supreme Court, General Term, Second Department.* July 2, 1891.)

SLANDER—PLEADING—SPECIAL DEFENSES.

　　Under Code Civil Proc. N. Y. § 536, which provides that in an action "for a personal injury * * * defendant may prove at the trial facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer," it is error to strike out from the answer allegations of facts tending to show that the words spoken were privileged, or in mitigation of damages.

Appeal from special term, Queens county.

Action by Aloys Steffen against Frank Schaefer and Joseph Gerard, for slander. Paragraphs 9, 10, 11 of the answer are as follows: "(9) The aforesaid defendants further show and state to this court as a special and separate defense herein that about five years ago they were members, and defendant Schaefer was the trustee, in the Catholic Church at Woodhaven, Queens county, and state of New York, and that said plaintiff was pastor of said church at the same time. And defendants further aver that at said time said plaintiff was living in an extravagant manner, contrary to the known and modest conduct expected of a pastor of said church, and these defendants so told said plaintiff, and made complaint against said plaintiff as pastor of said church to Bishop Loughlin because of said acts of said plaintiff, who had charge, as aforesaid, of such matters, and to whom such complaint should have been made in the due and orderly proceedings of said church. And defendants further aver that said communication was a privileged communication, and so made by virtue of their position as trustees and members in said church. And they aver all the facts therein stated to said bishop to be true, and they will prove said facts upon the trial of this action in justification of their conduct therein, and as in mitigation of any and all damages that said plaintiff might therein obtain in this action. (10) And these defendants, for further answer to said complaint, and in mitigation of damages, will prove on the trial of this action that said plaintiff was residing in the family of this defendant Schaefer about five years ago for about four months, and his conduct was such as was unbecoming a pastor of the church, and that said plaintiff has told this defendant Schaefer that he had expended on horses the sum of six or seven hundred dollars within that time. Defendants further aver that it is true that said plaintiff had collected the moneys from various persons of about the sum of seven hundred dollars. That he

collected ninety dollars from one Henry Smith, and from one Feely ninety dollars more, and that he had not rendered a statement of his accounts when these defendants complained as aforesaid, and great talk and scandal was caused thereby in said church, so much so that defendants and their co-trustees made that one of the causes of complaint to said bishop as aforesaid; and because of said scandalous conduct of said pastor these defendants left said church, and defendant Schaefer went to the Catholic Church at Jamaica, several miles away, and has ever since attended said Jamaica church. (11) Defendants further say that it is a fact, and they will prove upon the trial of this action in mitigation of any damages to be obtained therein, that the conduct of said plaintiff with said Rosa Bauas was of a scandalous character, and contrary to what should be the modest conduct expected from a pastor of the said Catholic Church. That said plaintiff did insist and said repeatedly that he had a right to marry, which, defendants aver, was in violation of the rules of said Catholic Church; and said plaintiff uttered various other scandalous things, whereby he brought great scandal and reproach on said Catholic Church at Woodhaven. Wherefore the defendants demand that said complaint be dismissed, with costs of this action."

Code Civil Proc. N. Y. § 536, provides as follows: "In an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, the defendant may prove, at the trial, facts, not amounting to a total defense, tending to mitigate or otherwise reduce plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action. A defendant, in default for want of an answer, may, upon a reference or inquiry to ascertain the amount of the plaintiff's damages, prove facts of that description." From an order striking out from the answer said paragraphs 9, 10, and 11 defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*B. W. Downing,* for appellants. *Albrecht J. Learche,* (*Augustus N. Welles* and *Thomas F. Byrne,* of counsel,) for respondent.

DYKMAN, J. This is an appeal from an order striking out the ninth, tenth, and eleventh defenses set up in the answer of the defendant in this action. The action is for slander, and the ninth clause of the answer set up facts upon which the defendants intend to claim that the words spoken were privileged, while the tenth and eleventh clauses in the answer set up certain facts which the defendants desire to prove in mitigation of damages. The matters set up in these three clauses of the answer were all special defenses, and it was necessary to set them up by way of answer to secure their reception in evidence on the trial. In fact, in this class of actions, all circumstances in mitigation, and all matters of special defense, must be set up in the answer in order to be admissible in evidence. *Willover* v. *Hill,* 72 N. Y. 36. Under section 165 of the former Code and section 536 of the present Code the defendant may prove at the trial facts not amounting to a total defense, tending to mitigate or reduce the plaintiff's damages, provided they are set forth in the answer; but only such as are pleaded can be proved. *Ball* v. *Evening Post,* 38 Hun, 16; *Blanchard* v. *Tulip,* 32 Hun, 638. Under the prevalent rule of pleadings in actions of libel and slander it was essential to set up the facts contained in the ninth, tenth, and eleventh clauses of the answer in order to enable the defendants to prove them on the trial, and if they are stricken out they can introduce no evidence in mitigation of damages. These considerations lead us to the conclusion that the order was erroneous, and should be reversed, with $10 costs and disbursements, and the motion should be denied, with $10 costs. All concur.