(25 App. Div. 254.)

WOODMAN v. KIDD.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

1. LIBEL—EVIDENCE AT TRIAL—PRIVILEGE.
The reading in evidence at a trial of a letter relevant and material to the issues pending before the court is privileged, and cannot be relied on as a publication thereof in a subsequent action for libel.

2. JUDGMENT—RES JUDICATA.
The finding of the court in the prior action that the letter was relevant, material, and competent, is a binding adjudication, and prevents a reopening of the question in a subsequent action between the same parties.

Appeal from trial term.

Action by Nathaniel H. Woodman against George W. Kidd. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The action was brought to recover damages for an alleged libel contained in a letter said to have been written by the defendant. The complaint alleged that on April 25, 1890, the libel was published by circulating the same "in the place of business of the said defendant, as well as in the place of business of this plaintiff." In support of this allegation, the plaintiff, upon the trial, proved that the letter containing the libel was inclosed in an envelope, and left upon the desk of the plaintiff, either by mail or messenger, about the time stated in the complaint; that the defendant at the time the letter bears date, "kept a typewriter," and that a press copy of the letter was produced before the referee on the trial of an action had some time before, in which Kidd was plaintiff and Woodman was defendant, and that Kidd's counsel read the letter at that time. This prior action resulted in a judgment in favor of Kidd, and it does not appear that it has been appealed from. The ground upon which the complaint was dismissed was failure to prove publication of the alleged libel.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Dennis McMahon, for appellant.
Hamilton Wallis, for respondent.

O'BRIEN, J. The burden was upon the plaintiff of showing not only that the defendant was the author of the letter claimed to be libelous, but also that he published it, or caused it to be published. The writing of the letter was admitted by the defendant, and upon the subject of publication there was no evidence from which the jury would have been justified in inferring that anybody had ever seen the letter except the plaintiff and the defendant. It is true that a press copy of the letter was made, and that the defendant had a typewriter; but there is no evidence to show that a typewriter operator had anything to do with the letter, although it was typewritten. The only evidence, therefore, as bearing upon the question of publication, was that in the suit of Kidd against Woodman, before a referee, Kidd's counsel, after demanding the production of the letter, which was refused, produced a copy, and read it in the presence of the referee and the persons attending at the trial. This, the plaintiff insists, was a publication; the argument being that, though the rule must be recognized that matter written or spoken which is relevant and material to an issue pending before a court or referee is privileged, this letter, being neither, was not a privileged communication. The answer to this, however, is that it was claimed by Kidd to be material and relevant and competent, and was so held by the referee; and, such ruling having been made in a case between the same parties as are here on the record, the ruling is a binding adjudication. It will be seen, therefore, that we are not at liberty to adopt the argument of the appellant that the letter, being improperly admitted, was not privileged.

The plaintiff excepted to the court's refusal to allow the withdrawal of a juror, or to amend the pleadings; both motions being

directed to affording the plaintiff an opportunity of removing all question as to the right to rely upon what happened before the referee in the prior action as evidence of publication. It will be seen that we have discussed the question as though the court had allowed the amendment, because there is sufficient evidence to present the point which the plaintiff desired to make; and, having reached the conclusion that with such amendment, and giving the plaintiff the benefit of what occurred before the referee, it would not have aided him, he was, therefore, not injured by the refusal to grant his motion to withdraw a juror or amend the pleadings.

We think, therefore, that the disposition made by the court below was right, and the judgment should be affirmed, with costs. All concur.