### STEVENSON v. WARD.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1900.)

1. SLANDER—PRIVILEGED COMMUNICATIONS—MALICE.

Defendant said in reference to plaintiff: "He is crooked. He is as crooked as they make them. He lied to one of the clerks in the water department, and obtained a permit fraudulently from my department." It appeared that this language was used in the discharge of defendant's official duties, and in response to an inquiry made by his superior officer, and that on two subsequent occasions substantially the same words were uttered, on being invited by plaintiff, presumably to lay the foundation for an action. *Held*, that these words, spoken under such circumstances, while slanderous per se, were privileged communications, and not actionable, in the absence of evidence of express malice.

2. SAME—PLEADING PRIVILEGE.

In an action for slander, a plea that the matter spoken was privileged is matter of special defense, and hence should be specially pleaded.

3. SAME—SUFFICIENCY.

Plaintiff alleged that substantially the same slanderous words were spoken of him on three occasions. Defendant pleaded facts showing the privileged character of the words used on the first occasion, and, as to those used on subsequent occasions, alleged that "all statements made by this defendant concerning the plaintiff were made by this defendant in the

presence of said commissioners of public works and chief engineer, in discharge of his official duties, and at their request, with the honest belief that they were true, and not otherwise." *Held*, that this averment, taken in connection with the specific allegation preceding it, was a sufficient allegation that the words subsequently spoken were also privileged.

Appeal from trial term, Erie county.

Action for slander by Arthur E. Stevenson against Francis G. Ward. From a judgment of nonsuit and from an order denying a new trial, plaintiff appeals. Judgment and order affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, LAUGHLIN, and WILLIAMS, JJ.

Clark H. Hammond, for appellant.

Tracy C. Becker, for respondent.

ADAMS, P. J. The plaintiff, who is a master plumber residing in the city of Buffalo, alleges in his complaint that on or about the 23d day of July, 1898, the defendant spoke of and concerning the plaintiff and his business the false and defamatory words following, to wit:

"He (meaning plaintiff) is crooked. He is as crooked as they make them. He (meaning plaintiff) lied to one of the clerks in the water department, and obtained a permit fraudulently from my department; and he (meaning plaintiff) cannot have any more permits from my department until he (meaning plaintiff) has squared himself with me and my department, and he (meaning plaintiff) cannot square himself with me in a thousand years."

The plaintiff also alleges that subsequently, and on the 26th day of the same month, the defendant, in the presence and hearing of certain persons, said to the plaintiff: "I said you (meaning plaintiff) are crooked; you are as crooked as they make them; and I will stand by what I said,"—and that in the course of the same conversation he reiterated substantially the same charge, in the following language:

"You (meaning plaintiff) are crooked. You lied and misrepresented to my clerks, and obtained a permit by fraud; and you cannot have any more permits from this office till you have squared yourself with the department."

The defendant admits the utterance of the language imputed to him upon these several occasions, but, in justification thereof, alleges that when the objectionable words were spoken he was the superintendent of the water department of the city of Buffalo, and that the language used by him upon the first occasion was in response to an inquiry made by his superiors in office concerning a matter properly within the scope of his duties; that the second and third utterances were expressly invited by the plaintiff himself; that all three communications were privileged; and that consequently they cannot furnish the basis for an action of this nature. The language complained of by the plaintiff was unquestionably slanderous per se; but we think, in view of the circumstances under which it was used upon the first occasion, and in view of the fact that it was only reiterated upon the second and third occasions in response to an express invitation of the plaintiff to repeat the same in the presence of a third person, presumably for the purpose of laying a foundation for this action, that the trial court was justified in holding, as matter of law, that

it was not actionable in the absence of any evidence of express malice. We have so recently had occasion to determine what constitutes a privileged communication that it will be unnecessary again to consider that question; but in this connection it may be pertinent to refer to a well-settled rule applicable to actions of this character, which is that, where the defamatory statement or charge is shown to have been privileged, the burden of establishing actual malice is cast upon the plaintiff, and that such burden is not met by simply proving that the charge was false. McCarty v. Lambley, 20 App. Div. 264, 46 N. Y. Supp. 792; Hemmens v. Nelson, 138 N. Y. 517, 34 N. E. 342, 20 L. R. A. 440.

We think that the present case is entirely destitute of evidence which would have warranted its submission to the jury upon the question of express malice, and there would consequently be really nothing for the court to consider, were it not for the contention urged by the plaintiff's counsel that the defense relied upon is insufficiently pleaded.   Privilege is unquestionably a matter of special defense, and, being such, it should be expressly pleaded, in order to be made available to the defendant.   Code Civ. Proc. § 536; Townsh. Sland. & Lib. § 350; Steffen v. Schaefer (Sup.) 15 N. Y. Supp. 493. It becomes important, therefore, to determine whether or not the defendant has complied with the requirement of the rule which the plaintiff invokes.   So far as the words spoken on the 23d day of July are concerned, there can be no question but that the answer contains averments as to the circumstances under which they were uttered which expressly put in issue their privileged character.   The pleader, however, instead of repeating those averments, and detailing the circumstances under which the words were repeated upon the subsequent occasions, has simply alleged "that all statements made by this defendant concerning the plaintiff were made by this defendant in the presence of said commissioners of public works and chie engi neer, in the discharge of his official duties, and at their request, with the honest belief that they were true, and not otherwise."   It cannot be denied that this averment, standing by itself, would be insufficient upon which to base a defense of privilege; but "no strained or close construction will be indulged in to exempt a case from the protection of privilege."   Moore v. Bank, 123 N. Y. 420–426, 25 N. E. 1048, 11 L. R. A. 753.   And, therefore, when considered in connection with the exceedingly specific allegations which precede it in the defendant's answer, we are inclined to think that, within the liberal rules of construction which now obtain, it may be regarded as sufficient. The primary object of a pleading is to apprise the opposite party of the issue he may expect to meet when the case is brought to trial; and inasmuch as the defendant's utterances on the 26th day of July were but reiterations of those of the 23d of that month, and as it was not claimed that any new actionable matter was charged against the plaintiff upon the latter date, the express defense of privilege interposed to the charge of the 23d together with the general averment made by the defendant that all the statements made by him concerning the plaintiff were made at the request of his superior officers, in the discharge of his official duties, and in the honest belief that they

were true, was equivalent, we think, to a reiteration of the plea of privilege, and was sufficiently specific to inform the plaintiff that each cause of action was to encounter that defense. We conclude, therefore, that no error was committed by the learned trial court in dismissing the plaintiff's complaint, and that the judgment and order appealed from should consequently be affirmed.

Judgment and order affirmed, with costs. All concur.