### TIERNEY v. RUPPERT.

(Supreme Court, Appellate Division, Second Department. May 9, 1912.)

1. LIBEL AND SLANDER (§ 36*)—LEGAL PROCEEDINGS—CHATTEL MORTGAGE—FORECLOSURE BY ADVERTISEMENT—PUBLICATION OF NOTICE.

Where defendant, holding a chattel mortgage against plaintiff, without malice published a notice of foreclosure sale reciting the alleged indebtedness, the giving of the mortgage, and charging that default had been made thereon, such notice, though addressed to the public as it was required by law to be, was a mere step in the enforcement of a legal remedy, and was therefore absolutely privileged, and could not be the subject of an action for libel, though the mortgagee was mistaken in his statement that the mortgagor was in default.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 114, 115; Dec. Dig. § 36.*]

2. LIBEL AND SLANDER (§ 45*)—PRIVILEGED COMMUNICATIONS.

A communication made by a person immediately concerned in interest in the subject-matter to which it relates, for the purpose of protecting his own interest, in the full belief that the communication is true and without any malicious motive, is privileged, where the communication is made to one occupying a confidential relation to the communicant or having a corresponding interest or duty, or to the public generally, provided such publication is necessary and proper in the protection of the defendant's interest.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 138-140; Dec. Dig. § 45.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LIBEL AND SLANDER (§ 93*)—PRIVILEGE—PLEADING.

In general, privilege in actions for libel is a matter of defense, and must be pleaded to be available.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 218; Dec. Dig. § 93.*]

4. LIBEL AND SLANDER (§ 101*)—PRIVILEGE—PROOF.

While the burden of proof of privilege in an action for libel rests on the defendant, he may, in order to discharge that burden, take advantage of what is proved or established by plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 273–280; Dec. Dig. § 101.*]

5. LIBEL AND SLANDER (§ 100*)—PLEADING—PRIVILEGE—PROOF.

Plaintiff in an action for libel pleaded that defendant maliciously published a notice of chattel mortgage foreclosure sale, alleging that default had been made in the payment of the debt, when, in fact, there had been no such default. *Held* that, since the complaint would have been demurrable but for the allegation that the publication was malicious, because the statement published in the absence of malice was absolutely privileged, defendant, having put the allegation of malice in issue by a general denial, was not required to further allege that the publication was privileged in order to avail himself of such defense.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 246–272; Dec. Dig. § 100.*]

6. LIBEL AND SLANDER (§ 101*)—PRIVILEGED COMMUNICATIONS—BURDEN OF PROOF.

Where an alleged libelous publication is privileged, the burden of proof of malice is on plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 273–280; Dec. Dig. § 101.*]

Burr and Thomas, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Thomas P. Tierney against Jacob Ruppert. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Ashbel P. Fitch, of New York City, for appellant.

Thomas A. McKennell, of New York City (Alfred H. Appell, of New York City, on the brief), for respondent.

WOODWARD, J. This action was brought to recover damages for an alleged libel arising from the publication by the defendant of a notice of sale of certain chattels covered by a chattel mortgage given by the plaintiff and his wife to the defendant to secure the payment of the sum of $212.

It appears the plaintiff was the owner of a saloon, and the defendant the proprietor of a brewery, that the defendant had assisted the plaintiff, and furnished him a certain ice box and bar apparatus, at the agreed price of $212, and that the plaintiff, to secure the payment of this sum, gave the defendant his promissory note and the chattel mortgage on the articles mentioned. Subsequently the plaintiff called at the office of one Krause, the defendant's agent in New Rochelle, N. Y., and paid him the sum of $100, which was the orig-

inal cost of the ice box. The plaintiff contends that on this occasion it was agreed between him and the agent that the defendant should take back the balance of the personal property other than the ice box in settlement of the defendant's demand against the plaintiff. Krause, the defendant's agent, denies that such an arrangement was made. The note and chattel mortgage were not surrendered to the plaintiff, and the defendant claims that a balance of $112 remained unpaid on the note and chattel mortgage. Subsequently the defendant proceeded to enforce the chattel mortgage in question, and to that end advertised the property for sale, posting the usual notices of sale, which recited the alleged indebtedness, and the giving of the mortgage "upon which default has been made." The plaintiff thereupon brought this action, charging that the words quoted constituted a libel upon him, and alleging specific damages to his business and credit by the publication. The jury awarded the plaintiff a verdict of $1,-000. From the judgment entered upon this verdict the defendant takes this appeal.

Upon the trial of this action the learned justice presiding charged the jury that there was nothing in the evidence to show that the defendant published the notice with malicious intent, so that their verdict must have been predicated upon a right to recover, irrespective of any question of malice or good faith on the part of the defendant. We thus have presented for our consideration the question whether a recovery is justified under such circumstances.

[1] I am of the opinion that the publication was privileged, as the defendant was pursuing a legal remedy. Had the defendant begun an action in a court to recover the indebtedness claimed to have been due, then any declaration or statement made in the prosecution of such action would have been absolutely privileged. Garr v. Selden, 4 N. Y. 91; Marsh v. Ellsworth, 50 N. Y. 309; Woodman v. Kidd, 25 App. Div. 254, 49 N. Y. Supp. 301. This doctrine of absolute privilege is founded on the principle that it is advantageous for the public interest that persons should not be in any way fettered in their statements in the prosecution of legal proceedings. Instead of confining the defendant in this case to an action at law to collect his debt, the law gave him the additional remedy of foreclosing his mortgage by a sale of the property covered, and to that end required the public posting of the proper notices of sale. I can discover no good or substantial reason why in an action in a court the defendant should be protected, and in a proceeding also given by law out of court the necessary and proper allegations of default should be deemed libelous. I am of the opinion that as matter of public policy a person should be protected in the making of the necessary and proper statements in a notice required by law, although erroneously made, in so far at least as such statements are made in good faith and in the honest belief of their truth. That to that extent such declarations should be deemed at least qualifiedly privileged. The defendant had a peculiar and personal interest in the collection of the indebtedness honestly supposed to have been owing to him by the plaintiff. The charge of the court precludes any other hypothesis.

[2] It is a general rule that:

"A communication made by a person immediately concerned in interest in the subject-matter to which it relates, for the purpose of protecting his own interest, in the full belief that the communication is true and without any malicious motive, is privileged, where the communication is made to one occupying a confidential relationship to the communicant or having a corresponding interest or duty, or to the public generally, provided such publication is necessary and proper in the protection of defendant's interest." 25 Cyc. 398, and cases cited; Klinck v. Colby, 46 N. Y. 427, 7 Am. Rep. 360; Hatch v. Lane, 105 Mass. 394; Smith v. Smith, 73 Mich. 445, 41 N. W. 499, 3 L. R. A. 52, 16 Am. St. Rep. 594.

In Klinck v. Colby, above cited, the court said:

"A written communication between private persons concerning their own affairs is prima facie privileged. And, though all that is said is under mistake, yet the words are not for that reason alone actionable. Where both the party making and the party receiving the communication have an interest in it, it has never been doubted that it was privileged."

This language is approved in Ashcroft v. Hammond, 197 N. Y. 494, 90 N. E. 1119. See, also, McCarty v. Lambley, 20 App. Div. 267, 46 N. Y. Supp. 794; Hoey v. New York Times Co., 138 App. Div. 153, 122 N. Y. Supp. 981.

To be sure, the notice of sale was addressed in this case to the public, but that publicity the law required in sales of chattel mortgaged property. Does that circumstance make the notice any the less privileged? I think not, but on grounds of public policy I think it an added reason why such notices should be deemed privileged when honestly made for the purpose of enforcing a legal remedy in the manner prescribed by law. When the law gives a choice of legal remedies, and in the pursuit of one statements made are privileged, the required statements should not lose their privilege when the other remedy is followed.

We must assume, for the purposes of this appeal, that the defendant in good faith instituted the foreclosure proceedings, and posted the required notices of sale, honestly believing there remained due on the note and mortgage the balance alleged. When there arise honest differences between parties as to the amount or extent of an indebtedness, or as to whether any indebtedness at all exists, it would be, I think, a great hardship to hold that a party asserting, in legal phraseology, a default in payment, thereby subjected himself to an action of libel in case he failed to make good his claim. To make a party liable under such circumstances would tend to discourage the assertion of legal rights. The very statement of the case, I think, makes it manifest that we should hold that such necessary and proper legal allegations should be deemed privileged statements, unless made maliciously and in bad faith. It is suggested that the fact that the notice published was qualifiedly privileged cannot be taken advantage of in this action because the defendant did not specifically so allege in his answer.

[3] It must be conceded that in this state it is the general rule that privilege in actions for libel is a matter of defense, and should be pleaded in order to be available. Stevenson v. Ward, 48 App. Div.

291, 62 N. Y. Supp. 717; Stuart v. Press Publishing Co., 83 App. Div. 467, 82 N. Y. Supp. 401. In most cases the fact of privilege is established by evidence other than what appears from the article complained of, and in such cases it is proper and necessary that the plaintiff should be advised of the claim of privilege by appropriate allegations of the answer setting up the facts upon which the claim of privilege is based, to the end that the plaintiff may be prepared to meet the defendant's evidence on the trial.

[4] Nevertheless, while the burden of proof rests upon the defendant claiming privilege to show the facts constituting the privilege, he may, notwithstanding, always, in order to discharge himself of that burden, take advantage of what is proved or established for him by his opponent. 18 Amer. & Eng. Ency. of Law, page 1045.

[5] In the case under consideration, the plaintiff sets forth in his complaint, in full, the notice of sale of which he complains, and the character and nature of the publication is made to fully appear by the plaintiff's own showing that it was a step in a legal proceeding to enforce a remedy given by law. But for the further allegation in the complaint that the "defendant maliciously composed and published" the notice in question, the complaint would have been demurrable. Had the defendant simply alleged by answer that the notice was in law "privileged," it would have amounted to a characterization of what already appeared on the face of the complaint. Such an allegation would have been simply tantamount to pleading a conclusion of law, and have presented only an issue of law, whereas the rule of pleading restricts the pleader to allegations of fact. Such an allegation would present no issue of fact for trial, and I think it unnecessary in view of the averments of the complaint. As stated, the complaint, with the allegation setting forth the notice in full, coupled an allegation of malice. Issue was taken on that allegation.

[6] In privileged communications, the burden of proof rests on the plaintiff. Harwood v. Keech, 4 Hun, 389; Decker v. Gaylord, 35 Hun, 584; Byam v. Collins, 111 N. Y. 143, 19 N. E. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726; Hill v. Durham H. D. Co., 79 Hun, 335, 29 N. Y. Supp. 427; Youmans v. Paine, 86 Hun, 479, 35 N. Y. Supp. 50.

The allegation of malice is always met by a general denial.

It seems to me, in view of the plaintiff's own showing in his complaint, that an allegation of privilege became unnecessary.

These views necessitate the reversal of the judgment appealed from.

Judgment and order reversed, and new trial granted, costs to abide the event.

JENKS, P. J., and CARR, J., concur. BURR and THOMAS, JJ., dissent upon the ground that the question of privilege was not raised by the pleadings on the trial or on appeal.