HENRY H. KLEIN, Plaintiff, *v.* JOSEPH H. BIBEN, Doing Business under the Name of THE AMERICAN HEBREW, et al., Defendants.

Supreme Court, Special Term, New York County, January 8, 1947.

*Henry H. Klein,* plaintiff in person.

*Lester Samuels* for defendants.

PECORA, J. This is a motion to strike out all the defenses and partial defenses pleaded in the answer for alleged insufficiency.

The first defense purports to be a complete defense but it relates solely to the publication dated May 12, 1944. The Court of Appeals has, however, held that the complaint sets forth a cause of action based on the publication of June 23, 1944, as well as one predicated upon the publication of May 12, 1944, and that the June 23d publication does not republish the libel of May 12th by specific reference thereto. (See answers to first, second and third certified questions, 296 N. Y. 638, 640.) It follows that the first defense is, at best, a partial one.

The second defense purports to apply only to the publication of June 23, 1944, but is, nevertheless, labeled as a complete defense. The defense is, at most, a partial one.

The third defense is apparently intended as one of " fair comment ". It is, however, insufficient since it consists of conclusions without ultimate facts to support it. It alleges that the statements of fact in the publications complained of " are substantially true " but it does not set forth the facts upon which the conclusion of truth is founded. The qualification that the statements of fact are " *substantially* " true adds to the deficiency of the defense since the pleader's idea as to what is substantial may differ materially from that of the court or of a jury of reasonable men. The defense goes on to state that the statements of opinion contained in the articles constitute fair comment on matters of public interest and importance. No attempt is made, however, to set forth which statements are claimed to be true statements of fact and which are fair comments upon those statements. In *Barclay* v. *Culbertson* (243 App. Div. 95) the defense of fair comment, which was held sufficient, set forth in detail the defendant's version of the true facts and the comments thereon claimed to be fair. (See, also, *Foley* v. *Press Publishing Co.*, 226 App. Div. 535.)

The first partial defense is sufficient, as such. It alleges, *inter alia*, that the matter complained of in the publication of June 23, 1944, constituted a fair and true report of the judicial proceeding referred to in paragraph " 7 " of the complaint. (See Civ. Prac. Act, § 337.)

The second partial defense is insufficient. It alleges that the defendant relied upon an honest investigation and upon information obtained from various reliable sources and that the matter published was believed to be true and that the defendant had reasonable and probable cause for such belief in view of corroborating speeches and articles by the plaintiff. There is, however, no allegation as to what the honest investigation disclosed or as to what the information obtained revealed. This is necessary to enable the court to determine whether defendant's reliance on the investigation and information was reasonably justified (*New York Soc. for Suppression of Vice* v. *MacFadden Publications, Inc.*, 133 Misc. 686, 688). The allegation that defendant had reasonable and probable cause for its belief that the matter published was true is a conclusion without ultimate facts to support it. The same observation is applicable to the averment that defendant's belief was based on public

speeches and writings of the plaintiff, the contents of such speeches and articles not being disclosed.

The motion is accordingly denied as to the first partial defense, and otherwise granted, with leave to serve an amended answer within ten days from the service of a copy of this order with notice of entry.