FRIEDRICH W. FOERSTER et al., Plaintiffs, *v.* JOHN T. FLYNN, Defendant.

Supreme Court, Special Term, New York County, October 20, 1948.

*Polier, Rembar & Midonick* for plaintiffs.

*Charles J. W. Meisel* for defendant.

McNALLY, J. This motion is made under rule 102 of the Rules of Civil Practice in a libel action and seeks to have paragraph 39 of the defendant's amended answer made more definite and certain. The paragraph follows: " 39. That insofar as the article complained of constituted statements of facts, such statements were true, and insofar as said article constituted expressions of opinion, such expressions were fair comment upon said foregoing facts, and such as a fairminded person could make thereon, and were the expressions of defendant's honest opinions, and the same are lawfully inferable from and warranted by the facts truly stated or referred to therein, and were made by defendant without malice, and so were privileged ".

The amended complaint asserts a cause of action on behalf of each of the two plaintiffs. The libels complained of are contained in an article which appeared both in a pamphlet and serialized form in the *Chicago Tribune.* The basis of the complaint is that the defendant has sought to create, in addition to other charges, the impression that the plaintiffs are untruthful defamers, character assassins and hate mongers. The amended complaint sets forth specifically the portions of the article which constitute the alleged libels, and the Special Term of this court has sustained the amended complaint.

It is claimed that the defendant has combined the defense of truth with the defense of fair comment, alleging that the one defense is applicable to some portions of the article, and the other to other portions. The plaintiffs contend that the paragraph pleaded is in such form that it gives the plaintiffs no indication of the respective applicability of each of these defenses, and that since the defendant does not set forth which part of the alleged libels he asserts to be true statements of fact, and which portions he asserts to be expressions of opinion, the precise meaning of the paragraph is not apparent and, accordingly, the plaintiffs urge that said paragraph of defendant's answer should be made more definite and certain by setting forth which portions of the article complained of are claimed to constitute statements of fact, and which portions of the article complained of are claimed to constitute expressions of opinion. Defendant resists this motion by calling attention to the similarities between the paragraph in question and the so-called British rolled-up plea.

The plaintiffs' query comes down to this: Is the present defense a plea of truth plus a plea of fair comment, or is it a plea of fair comment only? In opposition to the present motion, the defendant, apart from certain English cases, relies on *Foley* v. *Press Publishing Co.* (226 App. Div. 535) and *Annenberg* v. *Doubleday Doran & Co.* (N. Y. L. J., Feb. 25, 1938, p. 955, col. 7). It would seem to the court that neither the *Foley* nor the *Annenberg* case (*supra*) concludes the question and, of course, the English cases are not binding. The *Foley* case did not consider whether the rolled-up plea should be made more definite. It simply decided that the plea in that case was proper against a motion to strike the defense for insufficiency. The *Annenberg* case does not stand for the proposition that the rolled-up plea represents good pleading under all circumstances. In *Metropolitan Life Ins. Co.* v. *Knickerbocker Broadcasting Co.* (172 Misc. 811) the same justice who wrote in the *Annenberg* case held defective a defense similar to the present defense because (p. 816) " it is impossible to tell which part is a statement of fact and which is the comment thereon " and then struck out the defense. It is clear that the acceptability of a defense must be determined in the light of the particular circumstances as disclosed by the pleadings, and on this particular set of facts the question seems to be an open one as far as the New York courts are concerned.

In the case of *Aga Khan* v. *Times Publishing Co.* ([1924] 1 K. B. 675, 682) Scrutton, L. J., speaking of the pleas of justification and fair comment, stated: " But unfortunately some thirty years ago the two pleas were apparently rolled into one, and since then there has been much difference of opinion in the Court of Appeal whether that rolled-up plea was a plea of justification coupled with a plea of fair comment, or was a plea of fair comment only." The House of Lords thereafter considered the matter in *Sutherland* v. *Stopes* ([1925] A. C. 47) and adopted the view that the rolled-up plea was a plea of fair comment only. The nature of the plea was stated by Viscount Finlay as follows (pp. 62–63): " There has been a good deal of misconception as to the nature of this plea. It has been sometimes treated as containing two defenses rolled into one, but in fact raises only one defense, that being the defense of fair comment on matters of public interest. The averment that the facts were truly stated is merely to lay the necessary basis for the defense on the ground of fair comment. This averment is quite different from a plea of justification of a libel on the ground of truth, under which the defendant

has to prove not only that the facts are truly stated but also that any comments upon them are correct ''.

In the same case, Lord SHAW of Dunfermline, quoting the comments of Judge SCRUTTON, made the following statement (p. 76): '' If I also were left to myself I should respectfully agree with the opinion and suggested direction [that particulars be furnished] stated in this last paragraph.'' In *Tudor-Hart v. British Union for Abolition of Vivisection* ([1938] 2 K. B. 329), GREER, L. J., speaking for the entire court, stated (pp. 336–337): '' If the question we have to determine here were free from authority, the inclination of our minds would be in the same direction as that indicated by SCRUTTON L. J. in his judgment in the *Aga Khan* case, and the proposition implied in the words of Lord ATKIN above quoted \* \* \*.'' Lord ATKIN's statement was made in a case which was reported only in the newspaper '' *The Times* '' (*Hobbs* v. *People Newspaper Publishing Co.*, March 30, 1926). He stated that the use of the rolled-up plea without giving particulars would in certain circumstances be '' monstrous.'' It thus appears that the English judges condemn the rule of pleading which they feel constrained to follow. It seems common sense that we can profit by their experience without suffering the disadvantage of a bad but fixed rule. It would seem that we are entitled to apply the common-sense and persuasive reasoning of the English precedents without having to accept their unfortunate results; and, free from precedent and forewarned by the unhappy experience of the English judges, consider the merits of the present motion in the light of what should be a common-sense rule.

The difficulties of the rolled-up plea, as used by the defendant in this case, are of two types: one, uncertainty as to what defense or defenses will have to be met; two, uncertainty as to the application of the defense, assuming that it is one of fair comment only.

The plaintiffs cannot, merely on the basis of the opinion in the *Foley* case (*supra*), proceed on the assumption that fair comment alone is involved. While the court in that case cited *Sutherland* v. *Stopes* (*supra*) to the effect that the plea raises only the defense of fair comment, the court did not find it necessary to rule on this question, since the defendant in the *Foley* case had also asserted truth as a separate defense. In the present case there is no separate defense of truth, although in the defense which culminates in the rolled-up plea there are over thirty paragraphs which more or less repeat contents of the

alleged libelous article. If this were an action in an English court the plaintiffs could safely prepare their case on the theory that only the defense of fair comment is involved. Since it is not, it would seem that good pleading would require the defendant to commit himself beyond question to the particular defense which he wishes to assert. It imposes no undue hardship to require the defendant, if he intends to present a defense of fair comment rather than a defense of justification, to make the choice in his pleadings. The plaintiffs should not have the burden of determining at their own risk whether the New York courts will follow the English courts in holding that a plea of this type amounts to a plea of fair comment only.

There is a further defect in the paragraph. If it be assumed that only a defense of fair comment is involved, the paragraph fails to show the basis of the alleged comment. The paragraph reads: " 39. That insofar as the article complained of constituted statements of facts, such statements were true, and insofar as said article constituted expressions of opinion, such expressions were fair comment upon said foregoing facts * * * ". Who can say what are the " said foregoing facts "? Does the defendant refer only to the facts which are set forth in the preceding paragraphs, or does he refer to the facts contained in the quoted sentence, that is, any facts which may be contained in the article complained of? The failure to specify the underlying facts is a serious defect (*Klein* v. *Biben,* 188 Misc. 681). If a defense lacks necessary precision rule 102 of the Rules of Civil Practice is the remedy.

There is no merit in the defendant's contention that lack of specification could be justified on the theory that it is for the jury to decide what is fact and what is comment. The fact that a particular issue is one for the jury does not mean that the pleader is entitled to obscure that issue. In view of the foregoing, in the particular circumstances of the case at bar, the court directs that the defendant serve a pleading, (1) which separately states the defenses of justification and fair comment, if both defenses are sought to be availed of by the defendant; (2) with respect to the defense of fair comment, that he specify whether the matters contained in paragraphs 5 through 38 constitute the underlying facts on which the comment is based; (3) if he does not wish to confine himself to paragraphs 5 through 38 as constituting the underlying facts, he specify precisely what facts he intends to assert defensively. The pleading may be served within twenty days after the entry and service of an order hereon.