Gold, J.
This is a motion to strike out various complete and partial defenses as insufficient in law, and to strike various paragraphs from the answer as irrelevant, redundant and prejudicial.
The action is brought by Samuel Shenkman, a physician and neurosurgeon, against one Walter J. O’Malley, President of the Brooklyn National League Baseball Club, to recover damages for a slander claimed to have been uttered by defendant. The language complained of accused plaintiff of having performed ‘ * what will probably prove to have been an unnecessary second operation ” on the hand of Boy Campanella, a member of the Brooklyn team, in view of the fact that “ the medical profession appreciates that the original operation was successfully performed by a recognized specialist, Dr. Herbert Fett”. The allegedly slanderous statement also charged that plaintiff’s suit for $9,500 was “ exorbitant ” and that “ it appears that he (plaintiff) thought he was operating on Boy’s bank roll”. These statements were spoken of plaintiff in connection with his profession and have a direct tendency to injure him in the pursuit of his profession. If the statements were untrue, as claimed by plaintiff, they give rise to a cause of action in slander.
Defendant has pleaded five complete defenses and three partial defenses.
The first defense, according to defendant, is one of fair comment. The purport of a plea of fair comment is that the facts stated in a defamatory utterance or article are true and that the comment thereon, or expressions of opinion in regard thereto, constitute fair comment upon those true facts (Foley v. Press Pub. Co., 226 App. Div. 535, 543). To make out a good defense of fair comment, the language uttered (1) must constitute comment, (2) must be based upon facts truly stated, (3) must be free from imputation of corrupt or dishonest motives on the part of the person criticized save as warranted by the facts truly stated, and (4) must constitute the honest expression of the defendant’s real opinion (Foley v. Press Pub. Co., supra, p. 544). That the criticism or comment must be reasonably based upon facts truly stated was emphasized by the Court, of Appeals in Hoeppner v. Dunkirk Print. Co. (254 N. Y. 95, 106).
The first defense alleges in general language that “ in so far as the words used by the defendant * * * consist of statements of fact, said statements are true in substance and in fact ” and that 11 in so far as the words * * * consist of expressions of opinion, said expressions are fair comments upon facts truly stated ”. No attempt is made to specify what portions of the words uttered by defendant are claimed to be state *797 ments of fact and what portions, expressions of opinion or comment in respect of the statements of fact. (See Foerster v. Flynn, 193 Misc. 373, and see, also, Klein v. Biben, 188 Misc. 681, 683.) It seems to be clear, however, from the allegations of the defense (1) that the fact claimed to have been truly stated is that the medical profession recognized that the first operation had been successful, and (2) that the comment claimed to be justified by that fact was (a) that the second operation would probably prove unnecessary, (b) that the fee claimed by plaintiff for the unnecessary operation was exorbitant and (c) that the motive for the operation was monetary. In an endeavor to establish the truth of the factual allegation that the medical profession appreciated that the first operation had been successful, defendant alleges that three able, prominent and recognized surgeons expressed the opinion that full use of Campanella’s hand would be restored in time without a second operation and that a fourth stated that there was justifiable reason to expect that spontaneous recovery would occur and that further surgery was inadvisable until it appeared that recovery was not taking place. These opinions clearly fall short of establishing the truth of the averment that the “medical profession ” appreciated that the first operation had been successful. One of the four doctors was Dr. Fett himself who had performed the first operation, and one of the others was sufficiently doubtful as to advise waiting for a determination whether the first operation had been successful. Only two of the three impartial doctors consulted expressed definite opinion that no further operation was necessary. In the circumstances the comment that the second operation would probably prove unnecessary was not warranted by the true facts. As to the comments that the bill was exorbitant and that plaintiff appears to have thought he was operating on Campanella’s bank roll, no facts are stated in defendant’s utterance which could warrant or justify such comments except the statement that the second operation was unnecessary. That statement has already been shown to have been unwarranted. The defense is, accordingly, insufficient.
The third and fourth defenses seek to plead (1) the privilege accorded by section 337 of the Civil Practice Act to “ a fair and true report of any judicial, legislative or other public and official proceedings ” and (2) the comm on-law privilege attaching to pertinent statements made in the course of a judicial proceeding (People ex rel. Bensky v. Warden of City Prison, 258 N. Y. 55). By no stress of the imagination is it possible to hold that defendant’s statements to the press and others that *798 the suit was exorbitant, that the operation was probably unnecessary, and that plaintiff must have thought he was operating on Campanella’s bank roll are either a fair and true report of a judicial proceeding or that they were made in the course of a judicial proceeding. The authorities relied upon by the defendant have no application to the case at bar. The defenses are insufficient.
The second defense is one of qualified privilege, viz.: that the defendant’s words were uttered in reply to articles and broadcasts authorized by plaintiff, which charged the Brooklyn club, of which the defendant was president, with having ‘ ‘ run out ” on the bill for the operation, which redounded to the club’s benefit. Where the plaintiff begins a controversy, the defendant is privileged to reply (Seelman on Law of Libel & Slander, par. 255). Defendant’s words were relevant to the statement that it had refused to pay the bill. Defendant was entitled to use the same means of communication as those which the plaintiff had used (Ashcroft v. Hammond, 197 N. Y. 488; see, also, Seelman on Law of Libel & Slander, par. 270). The defense is subject to the requirement that defendant be free of malice. No burden is, however, on plaintiff to establish malice (Ashcroft v. Hammond, supra, p. 495). The allegation of malice in the complaint is denied in the answer, and this denial is deemed repeated as part of the defense and is not permitted to be repeated in the defense (Rules Civ. Prac., rule 90). The defense is accordingly sufficient.
The fifth defense alleges that the words uttered by defendant were employed by him without malice and in the belief that they were true, in the performance of his duty to protect, preserve and-defend the interests of the Brooklyn club. The defense is a good defense of qualified privilege. The articles and broadcasts alleged to have been authorized by plaintiff were detrimental to the prestige of the Brooklyn club and were calculated to damage its good will and prejudice it in the eyes of the public upon whose custom it depends. It is sufficient that the person uttering an alleged libel or slander has an interest to protect, provided he acts without malice (Lovell Co. v. Houghton, 116 N. Y. 520; Tierney v. Ruppert, 150 App. Div. 863). The defense is good.
The first partial defense is insufficient. It merely realleges the allegations of the first complete defense. The second partial defense is insufficient. It adds to the allegation of the first defense the averment that defendant, in making the statements attributed to him, relied upon communications to him from trustworthy persons and sources, and acted without malice. There *799 is nothing to show what these communications were. The communications may, for aught that appears, have contained nothing which could reasonably warrant defendant in making the statements complained of.
The third partial defense is one of provocation. Provocation may be shown in mitigation of damages (Seelinan on Law of Libel & Slander, par. 287). The alleged publication, with plaintiff’s authority, of articles and broadcasts accusing the Brooklyn club of 1 ‘ running out ” of paying the bill for Campanella’s operation may be found by the jury to have provoked defendant into making the statements he did, which bore upon the merits of plaintiff’s bill. The defense is sufficient.
The motion is granted as to the first, third and fourth complete defenses and as to the first and second partial defenses and denied as to the remaining defenses, complete and partial.
In view of the fact that an amended answer is necessary that portion of the motion which seeks to strike out various allegations is denied, but without prejudice. Let an amended answer be served within twenty days from the service of a copy of this order with notice of entry.