Henry Clay Greenberg, J.
In this libel action plaintiff moves pursuant to rules 90, 102 and 103 of the Rules of Civil Practice for various items of relief directed to the answer.
The branch of the motion under rule 90 to require a separate statement of the defenses of justification, fair comment and privilege of publication of a matter of public interest, allegedly *1038 combined in the first affirmative defense, is obviously lacking in merit. Defendant has not attempted to plead the defense of justification in its answer. The first defense pleads only the recognized ‘ ‘ rolled up” plea of fair comment concerning a matter of public interest. Since this plea involves the double element of truthful statements of fact and fair comments thereon, it was at one time thought to embrace the two separate defenses of justification and fair comment but it is now authoritatively regarded in this State as a single affirmative defense of fair, but not necessarily correct, comment based upon facts truly stated (Foley v. Press Pub. Co., 226 App. Div. 535; Cohalan v. New York World-Telegram Corp., 172 Misc. 1061).
In this first defense, as the traditional preamble to the plea, defendant has set forth the materials — in this case, the record of the proceedings in court and before the National Labor Relations Board — which supplied the facts used in the editorial in question. (The differences between the parties appear to revolve around the terms of a certain stipulation, not specifically mentioned in defendant’s recital of the recorded material, and which plaintiff maintains establishes its honorable dealing in the transaction.) The defense then culminates with the classic language of the rolled up plea that ‘ ‘ the matter complained of in the complaint herein published in said editorial ’ ’ consisted of statements of fact and statements of comments, the former being “ true ” and the latter being “ fairly warranted by facts truly stated ’ ’. It is clear that defendant is not here pleading truth of each of the matters complained of.
This pleading differs markedly from that alleged in Foerster v. Flynn (193 Misc. 373). There the preamble consisted of some 30 paragraphs repeating the contents of the article itself. The culminating statement of the plea under those circumstances was held to leave plaintiff in doubt as to whether the defense pleaded justification of the allegedly libelous article plus á plea of fair comment or fair comment alone, thus requiring defendant to separately state such defenses, if he intended to avail himself of both, or make clear that he was pleading fair comment only.
The motion pursuant to rule 102 to require defendant to make the first defense more definite and certain by stating the “ underlying facts ” on which the defense of fair comment is based, must also be denied. Defendant has set forth in the preamble its account of the underlying facts. Plaintiff urges that defendant should be compelled to indicate with regard to the culminating plea which assertions in the editorial are claimed to be truthful statements of fact and which ones comment. The settled rule is that where such defense is properly *1039 pleaded, the facts and comments need not be separately identified therein (Foley v. Press Pub. Co., 226 App. Div. 535, supra; Cohalan v. New York World-Telegram Corp., 172 Misc. 1061, supra; Weiss v. Crowell-Collier Pub. Co., N. Y. L. J., Oct. 6, 1955, p. 7, col. 1; Newman v. Reinhardt, N. Y. L. J., Nov. 23, 1955, p. 7, col. 5). Foerster v. Flynn (supra) is distinguishable because the form of the pleading was such as to leave open the question whether that defendant’s culminating plea concernirig the truth of the statement of facts related to the facts recited in the preceding paragraphs or to the facts contained in the article complained of. Here, the reference is clearly to the matters complained of in the editorial. Furthermore, under the facts of this case, involving solely recorded court and administrative proceedings, there is no difficulty in separating fact from comment and preparing for trial on the issues presented by the plea as alleged.
The motion under rule 103 to strike certain matter is granted to the extent here indicated. Since the answer does not expressly state that plaintiff is not a domestic corporation, the denial of knowledge or information with respect to this portion of paragraph Second of the complaint is bad (Rules Civ. Prac., rule 93). Also the denial of knowledge or information sufficient to form a belief “as to whether said editorial referred to the plaintiff herein” (par. Third of the answer) and “as to whether plaintiff herein was the plaintiff in said action ’ ’ (par. Fourth of the answer), must in view of the circumstances shown in the answer be deemed frivolous. The editorial referred to ‘ ‘ the Metzger case ”, “ the J. Radley Metzger Company ’ ’, and the ‘ ‘ Metzger firm ’ ’. The answer alleges that ‘ ‘ the J. Radley Metzger Co., Inc., brought an action ’ ’ and also annexes a copy of the charges before the board, which sets forth the name of the employer as J. Radley Metzger Co., Inc., as well as its address. Such a denial of identification of a plaintiff wdth a person or firm bearing a similar name referred to in an allegedly libelous article may be proper where the name is a fairly common one or where identity cannot be positively confirmed by public records. While technically correct under ordinary conditions, in this context the denial may not be interposed to require proof at the trial of identification which is verifiable by the very public records on which defendant relies.
Plaintiff’s objection to defendant’s failure to admit or deny specifically certain allegations of the complaint is not well taken. In these allegations plaintiff had set forth its characterization of selected portions of the recorded material. The answer thereupon admitted that a certain action or proceeding had been *1040 brought, referred to the complete original files for the exact contents thereof and except as so admitted, denied these allegations. Since defendant was not a party to said action or proceeding, it is entitled to rely on the entire record and it may not be compelled to admit or deny plaintiff’s conclusions and pointed references to particular portions thereof.
Settle order accordingly.