THEODORE A. BINGHAM, Respondent, *v.* WILLIAM J. GAYNOR, Appellant.

Libel — privileged communications — qualified privilege — pleading — general allegation charging a person with something libelous per se cannot be defended under general allegation that charge is true — facts must be stated.

1. On an occasion that rebuts any presumption of express malice one may publish statements, although defamatory of the person referred to, if he does so in the performance of a legal or moral duty and in good faith believing that such statements so made by him are true, without being liable for damages arising from such publication. Such privilege is known as a qualified privilege.

2. A person having an interest as a citizen or otherwise in a public official may, in good faith, make a statement to the superior of the person to whom the communication refers. In a communication so privileged it is not necessary in defense of an action for an alleged libel by reason thereof to show that the statements contained therein are true, except, perhaps, as the truth of the allegations bear upon the question of express malice.

3. This qualified privilege does not extend to communications to newspapers and to the public generally. The publication of a letter containing libelous matter in a newspaper in advance of its delivery to the officer to whom it is addressed destroys the qualified privilege in the writer to send such communication solely for the pur-

pose of presenting facts to such officer in order that he may determine whether the plaintiff should be continued in such office or removed therefrom.

4. A well-established rule of law, also commonly called a qualified privilege, protects a person in making any fair and honest criticism of the conduct of a public officer. In such a communication the writer makes statements of fact at his peril, and if the statements made therein are libelous and untrue the fact that they are about a public officer does not exempt the writer on the ground of privilege.

5. A general allegation charging a person with something that is libelous *per se* cannot be successfully answered by a general allegation in the answer that the charge is true. The answer in such a case should set forth the *facts* upon which it is alleged that the allegations of the complaint are true.

6. Upon examination of the allegations of plaintiff's complaint, of two separate defenses interposed thereto and of a demurrer to the defenses and on application thereto of the principles stated, *held*, that such defenses are insufficient either as pleas of privilege or in justification.

*Bingham* v. *Gaynor*, 141 App. Div. 301, affirmed.

· (Submitted June 13, 1911; decided October 3, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 30, 1910, which reversed an interlocutory judgment of Special Term overruling a demurrer to the separate defenses contained in the answer and sustained such demurrer.

The following questions were certified:

" 1. Is that portion of the defendant's amended answer contained in paragraph numbered 'I' thereof, and designated as a 'defense,' insufficient in law upon the face thereof?

" 2. Is that portion of defendant's amended answer designated as 'a further defense to the alleged libelous statements, matters and things set out in paragraphs XIII and XVI of the complaint' insufficient in law upon the face thereof?"

This action was brought to recover damages for libel. The gravamen of the complaint is the sending of an

alleged libelous letter concerning plaintiff in his office of police commissioner of the city of New York, to the mayor of said city, the giving of copies of said letter to the public press and the subsequent publication to the press of a defamatory statement concerning plaintiff in his said office. The answer contained a general denial of the allegations of the complaint and defenses of privilege and justification. Plaintiff demurred to the separate defenses of privilege and justification.

Further facts are stated in the opinion.

*Stephen C. Baldwin* and *Charles H. Hyde* for appellant. The first defense pleaded is sufficient in law upon the face thereof. (*Woods* v. *Wiman,* 122 N. Y. 445; *Ashcroft* v. *Hammond,* 197 N. Y. 488; *Wright* v. *Lothrop,* 149 Mass. 300; *Hoey* v. *N. Y. Times Co.,* 138 N. Y. 149; *Mattice* v. *Wilcox,* 147 N. Y. 624; *Littlejohn* v. *Greely,* 13 Abb. Pr. 41; *Triggs* v. *Sun P. & P. Co.,* 179 N. Y. 144; *U. P. R. R. Co.* v. *Bottsford,* 141 U. S. 250; *McQuigan* v. *D., L. & W. R. R. Co.,* 129 N. Y. 50; *Lapstina* v. *Santangelo,* 124 App. Div. 519.) Plaintiff asserts that defendant's letter to the mayor is libelous in its entirety. He pleads no innuendo. He does not attempt to separate the statements contained in the letter, and he must, therefore, stand or fall in his objection to our pleading upon the letter as a whole. (*Wallace* v. *Bennett,* 1 Abb. [N. C.] 478; *Schoonoven* v. *Beach,* 23 Wkly. Dig. 348; *Randell* v. *Butler,* 7 Barb. 260; *Bergman* v. *Jones,* 94 N. Y. 51; *Soper* v. *Asso. Press,* 57 Misc. Rep. 445; *Sanderson* v. *Caldwell,* 45 N. Y. 398; *Church* v. *N. Y. Tribune,* 63 Misc. Rep. 578.) The defense of justification as pleaded is good. The plaintiff having set forth several alleged libelous charges as the gravamen of his action, it was not necessary for the defendant to plead a justification of all the charges. (*Hollingsworth* v. *Spectator Co.,* 53 App. Div. 291; *Lanpher* v. *Clark,* 149 N. Y. 472; *Brush* v. *Blot,* 16 App. Div.

80; *Baldwin* v. *Gennung,* 70 App. Div. 271; *Saunders* v. *Post-Standard Co.,* 107 App. Div. 84; *Holmes* v. *Jones,* 121 N. Y. 461.)

*E. C. Crowley* for respondent. The articles complained of are not privileged as communications to plaintiff's superior officer. (*Hunt* v. *Bennett,* 19 N. Y. 173; *Woods* v. *Wiman,* 122 N. Y. 445; *Sunderlin* v. *Bradstreet,* 46 N. Y. 188; *Mattice* v. *Wilcox,* 147 N. Y. 624; *Lovell Co.* v. *Houghton,* 116 N. Y. 525; *Hoey* v. *N. Y. Times Co.,* 138 App. Div. 149; *Ashcroft* v. *Hammond,* 197 N. Y. 488; *Hamilton* v. *Eno,* 81 N. Y. 116.) The articles complained of are not privileged as fair comment on plaintiff's official acts. (*Hamilton* v. *Eno,* 81 N. Y. 116; *Hoey* v. *N. Y. Times Co.,* 138 App. Div. 149; *Mattice* v. *Wilcox,* 147 N. Y. 624; *Littlejohn* v. *Greely,* 13 Abb. Pr. 41; *Triggs* v. *Sun P. & P. Assn.,* 179 N. Y. 144; *Moore* v. *M. N. Bank,* 123 N. Y. 426; *Rose* v. *I. E. Co.,* 110 App. Div. 437; *Byam* v. *Collins,* 111 N. Y. 143; *Lewis & Herrick* v. *Chapman,* 16 N. Y. 369; *Klinck* v. *Colby,* 46 N. Y. 427.) The defense of justification is defective because it is not as broad as the charges. (*Wachter* v. *Quenzer,* 29 N. Y. 547; *Brush* v. *Blot,* 16 App. Div. 80; *Nunnally* v. *M. & E. Co.,* 113 App. Div. 831; *Southwick* v. *Spencer,* 11 Johns. 573; *Nunnally* v. *N. Y. Z. P. Co.,* 117 App. Div. 1; *Stilwell* v. *Barter,* 19 Wend. 487; *Skinner* v. *Powers,* 1 Wend. 451; *Price* v. *D. C. Co.,* 128 App. Div. 472.)

CHASE, J. I concur in the result reached by the Appellate Division. I also concur in the opinion of that court as written by McLAUGHLIN, J., except as it is qualified by what I shall say in this opinion.

A person on an occasion that rebuts any presumption of express malice may publish statements, although defamatory of the person referred to in the communication, if he does so in the performance of a legal or moral duty

and in good faith believing that such statements so made by him are true, without being liable for damages arising from such publication. The rule of law that permits such publications grew out of the desirability in the public interest of encouraging a full and fair statement by persons having a legal or moral duty to communicate their knowledge and information about a person in whom they have an interest to another who also has an interest in such person. Such privilege is known as a qualified privilege. It is qualified because it does not extend beyond such statements as the writer makes in the performance of such duty and in good faith believing them to be true.

A person having an interest as a citizen or otherwise in a public official may, in good faith, make a statement to the superior of the person about whom the communication refers. He is not liable by reason of an erroneous and untrue statement so made if it is found that it was made in good faith and in the performance of such duty. It was said in this court, in *Byam* v. *Collins* (111 N. Y. 143), quoting in part from *Harrison* v. *Bush* (5 Ellis & Black. [Q. B.] 344): " The general rule is that in the case of a libelous publication the law implies malice and infers some damage. What are called privileged communications are exceptions to this rule. Such communications are divided into several classes, with one only of which we are concerned in this case, and that is generally formulated thus: 'A communication made *bona fide* upon any subject-matter in which the party communicating has an *interest*, or in reference to which he has a *duty*, is privileged if made to a person having a corresponding *interest* or *duty*, although it contained criminating matter which, without this privilege, would be slanderous and actionable; and this though the duty be not a legal one, but only a moral or social duty of imperfect obligation.' " (p. 150.)

In a communication so privileged it is not necessary in defense of an action for an alleged libel by reason of such

communication to show that the statements contained therein are true, except, perhaps, as the truth of the allegations bear upon the question of express malice. The test in such a case, assuming that the party making the communication has an interest in the subject-matter and the party to whom the communication is delivered also has an interest as the superior of the person referred to therein, or particularly, as in this case, where the person to whom it was delivered had power to redress the wrong complained of, is whether the communication was made in good faith believing the statements are true and for the purpose of performing the legal or moral duty resting upon the person making the communication to make the same.

As has already been said by the Appellate Division, the publication of the letter in the newspapers of the city in advance of its delivery to the mayor personally takes away and destroys the qualified privilege in the writer to send such communication to the mayor solely for the purpose of presenting facts to him that he might determine whether the plaintiff should be continued in office or removed therefrom. (*Woods* v. *Wiman,* 122 N. Y. 445; *Hunt* v. *Bennett,* 19 N. Y. 173; *Sunderlin* v. *Bradstreet,* 46 N. Y. 188.)

The qualified privilege that we have considered does not extend to communications to newspapers and to the public generally. There is, however another well-established rule of law, also commonly called a qualified privilege, that protects a person in making any fair and honest criticism of the conduct of a public officer. This rule is quite independent of the one first stated, but it is also based upon the desirability of allowing such fair and honest criticism because it tends to the good of the public service. It is qualified because it does not extend beyond fair and honest comment and criticism. It is no protection to the writer if he therein makes false statements or unjustifiable inferences. In such a communica-

tion the writer makes statements of fact at his peril, and if the statements made therein are libelous and untrue the fact that they are made about a public officer does not exempt the writer on the ground of privilege. The privilege in such a case extends to a fair and honest statement of actual facts relating to public acts and to reasonable and justifiable comment thereon and criticism thereof. It does not extend to attacks upon private character or to publishing defamatory things about an official even if the writer in good faith makes the publication believing his statements are true, neither does it permit a person to draw conclusions that are or that the jury may find are improper and unjustifiable.

It is not clear whether the defendant in his first defense intends to allege a qualified privilege by reason of the letter having been written as a matter of duty to the person who had power to redress the wrong complained of, or whether he intends therein to allege that the letter and interview were fair and reasonable criticisms of the acts of the plaintiff as a public official or whether he intends that the defense shall be considered as a plea of qualified privilege for both reasons. The defendant does not in the first defense deny that the letter was given to the newspapers and published before it was received by the mayor, nor does he therein admit the allegation of fact in the complaint except as to the delivery of the letter to the newspapers in advance of delivering the same to the mayor. Assuming that the defendant could by proper allegations have raised the question of qualified privilege in sending the letter to the mayor, if it should appear on the trial that it was never given to the newspapers by him, he wholly failed to do so by the allegations of the first defense. In the first defense he alleges " that the matters of fact stated in the letter referred to in Paragraph XIII and in the statement referred to at Paragraph XVI are true and the opinions therein fair comments on the said acts of the plaintiff,

3

and only such as to bring properly before said mayor the official misconduct of the plaintiff." It is quite clear that the alleged first defense is not intended as a plea in justification, but it is intended as expressly stated therein to be a plea of privilege. In my opinion the defense cannot now be considered as one of justification simply because it alleges generally the truth of the statements of fact alleged in the complaint. The allegations therein are not made as a justification but as a part of the plea of privilege. I agree with the Appellate Division that it is insufficient as such, and that the demurrer thereto was properly sustained by the Appellate Division.

It is asserted that in the second defense there is a general statement that the allegations contained in the letter and in the interview are true, and that the defense may be sufficient as a justification by reason of such general allegation. A general allegation charging a person with something that is libelous *per se* cannot be successfully answered by a general allegation in the answer that the charge is true. In *Wachter* v. *Quenzer* (29 N. Y. 547) this court referring to this subject say: "Take, for instance, a charge that one is a thief or a murderer, or that he has committed perjury. A statement in the answer that the words are true would not be a justification, and it would fall just as far short of being a statement of facts to be proved by way of mitigation. It is a statement of nothing. It is simply a repetition of the libel." (p. 552.)

The reason for this rule is that it does not give to the plaintiff any clue of what the defendant intends to prove upon the trial. The answer in such a case should set forth the facts upon which it is alleged that the allegations of the complaint are true. A mere general statement of the truth of the allegations of the complaint is a conclusion and does not constitute a sufficient answer when considered upon demurrer. There is an exception, however, to the rule that an answer must be specific in

its denial and that is where the charge is specific. Take for instance a charge that the defendant on a day and at a place named took specified articles of personal property under such specified circumstances as to justify the conclusion that the taking was willful and a larceny. In such a case an answer can be interposed alleging generally the truth of the specific statements of fact alleged in the complaint by the publication of which it is charged that the plaintiff has been libelled.

The plaintiff in this case alleges generally that the letter and the further statement were each made and published concerning him, and while they must each be considered as a whole, we refer now to some of the general statements therein, and confining ourselves to such statements as are particularly mentioned in the opinion of McLAUGHLIN, J., we find that the defendant in connection with all the other statements in said letter and said interview has charged of some one generally, "scoundrelism," "the police commissioner is doing all he can to make it impossible for him (Duffy) to lead an honest life and make an honest living and to force him (Duffy) instead to a life of crime," "incompetents, corruptionists and sometimes buffoons who are put in rulership over," * * * "It is an ordinary thing for the police commissioner to refuse to obey the decisions of the courts and compel the police force to disobey them," "The despotism and lawlessness of the police commissioner is shocking."

These allegations are general in terms and in my opinion they each refer unmistakably to the plaintiff. The avowed purpose of the letter was to secure through the mayor the removal of the plaintiff from office. It was the only redress advocated or suggested. The general charges in the letter and statement require a specific and not a general answer. The answer is in part specific, but it is not as broad as the charge, although the charge is considered as composed of the letter and of the interview as a whole, and it does not, therefore, constitute a

complete defense of the causes of action set forth in the complaint.

The order of the Appellate Division should be affirmed, with costs, and the questions certified answered in the affirmative.

CULLEN, Ch. J., GRAY, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., dissents.

Order affirmed.