Charles Edward Vosbury, Plaintiff, *v.* Utica Daily Press Company, Defendant.

(Supreme Court, Broome Trial and Special Term, November, 1918.)

Libel — justification in action of, must be as broad as charged — plead-ing — when demurrer to defense sustained.

A justification in an action of libel must be as broad as the charge contained in the libel.

A general allegation charging defendant with something that is libelous *per se* is not met by an allegation that the charge is true, but the answer must plead the facts upon which it is alleged that the complaint is true.

A newspaper article which states that the roof of a new city high school is in danger of falling; that " The architect has been notified but has ignored the notification " and that " This development does not speak well for those who designed and built " said school, having been held to be libelous *per se* upon demurrer in an action of libel by the architect who pre-pared the plans and specifications for said school and superin-tended its construction, a demurrer to a separate defense of justification alleging simply that the defamatory article was substantially true will be sustained.

A newspaper reporter, provided his reports are fair and accurate and not interspersed with comments of his own, may report everything that occurs publicly without fear of being sued for libel.  But where a newspaper article, libelous *per se,* shows on its face that it is not a report of any public pro-ceeding but purports to be the publisher's own statement, a defense of privilege is unavailable and a demurrer to said defense will be sustained.

Action for libel.

Merchant, Waite & Waite, for plaintiff.

Lewis, Foley & Foley, for defendant.

Kellogg, A. L., J.   This is an action for libel to recover damages which plaintiff claims he has sustained by reason of the publication of an article in defendant's newspaper of and concerning the plaintiff in his professional capacity as an architect, in which business he has been engaged for the last thirty years, at the city of Binghamton, in this state.   The Appellate Division, third judicial department, has held the article to be libelous *per se.*   183 App. Div. 769.

It appears that the proper authorities of the city of Binghamton accepted plans and specifications prepared by the plaintiff for a new high school in that city, and that he, as such architect, was engaged in supervising the construction of the same, and which, shortly prior to November 9, 1915, was duly accepted by the said city, and has since been continuously used for school purposes.

On November 10, 1915, the defendant published in its newspaper, the Utica Daily *Press,* an article of and concerning the plaintiff in his said profession, as follows:

" Binghamton has a new $750,000 High School, which was first used when the Fall term began.   Yet, 850 pupils of that same High School are in possible danger because of conditions which have come to the attention of the School Board.   The roof is in danger of falling.   One portion of it has broken away from the I beams, and has sagged towards the floor.   At present the roof is propped up, but if it should fall, it would be disastrous to life and property.   The archi-

Supreme Court, November, 1918.          [Vol. 105.

tect has been notified, but has ignored the notification. An expert has been sent for, and precautions have been taken. This development does not speak very well for those who designed and built Binghamton's new High School.''

The plaintiff contends that the defendant thereby charged in its said article by innuendo '' That the plaintiff had ignored the notification therein mentioned, for the reason that he had been and knew he had been derelict in his duty as an architect of the said high school, and had not, and knew he had not, conformed to the standards and requirements of his profession in connection therewith. That, by ignoring the said notification, he had tacitly admitted that he was guilty of said dereliction of duty; that his ignoring said notification, in itself demonstrated that he had not conducted himself in a professional manner, which its ethics required, and that by reason of such dereliction of duty, and failure to conform to the standards and ethics of his said profession, he was professionally and morally unfit to undertake other work of such character; lacked professional integrity, and was wanting in those qualifications which attract patronage, and are essential to his calling.''

The answer contains a separate defense of justification in subdivision numbered second, the repetition thereof in mitigation in subdivision numbered third, and a separate defense of privilege in subdivision numbered fourth, and a partial defense in mitigation in subdivision numbered fifth.

As originally served, the defenses of justification and privilege in subdivisions second and fourth of the answer contained the repetition of the declaration in the first part of the answer, but, on plaintiff's motion at Special Term, an order was made striking out these denials from these two defenses as irrelevant and

redundant, thereby permitting plaintiff to demur to these separate defenses of justification and privilege, and raise the sufficiency thereof as pleaded.

The separate defense of justification in subdivision second alleges that the defamatory article is substantially true, and the same contains a repetition, almost *verbatim,* of the libelous article.

No additional facts are pleaded, and this defense might just as well have been limited to the statement that the libelous article was substantially true.

In subdivision fourth of the answer it is alleged that the article in question was privileged, because it was a fair and true report of the public and official proceedings had and taken by the school board of the city of Binghamton.

The plaintiff contends here: *First.* That the separate defense of justification contained in subdivision second of the answer is insufficient in law upon the face thereof.

It is a familiar and well-settled rule that a justification in a libel action must be as broad as the charge contained in the libel. It is also well settled that a general allegation charging a person with something that is libelous *per se* cannot be successfully answered by a general allegation in the answer that the charge is true. The answer in such a case should set forth the facts upon which it is alleged that the allegations of the complaint are true. *Bingham* v. *Gaynor,* 203 N. Y. 27, 34, 35; *Wachter* v. *Quencer,* 29 id. 547.

The following questions may be fairly asked: Is the article in question a general attack upon the plaintiff as an architect? Does it charge him with general unskillfulness or general carelessness, and therefore require particular specific facts to be alleged, in order to justify those general charges? On the other hand, is the article, as the defendant will contend, so specific in

itself as to warrant all conclusions in reference to the plaintiff which are stated in the article or which may legitimately be drawn therefrom? The answers to these questions determine the sufficiency of the defense of justification. The first question must be answered " Yes," and the latter question " No."

As to the defense of privilege, in subdivision fourth, the plaintiff concedes that on its face, as a defense in that respect, it is in proper form, and if it could be taken at its face value, would probably be sufficient, but he contends that in determining the sufficiency of the defense of privilege, which is a defense by way of confession and avoidance, the allegations of the complaint must be looked to and considered, because the question to be determined is, whether the defense is sufficient when the averments of the complaint are taken as true.

Looking at the complaint and the libelous article therein contained, I am of the opinion that facts are contained therein which negative the allegations of the defense of privilege. The article in its entirety is not, and does not purport to be, a report of the official proceedings of the school board of the city of Binghamton. It does not attribute the words of the article to any official of the city of Binghamton or intimate those words were the expressed opinion of the officials at some public meeting. It may be that a portion of the article may have been based upon facts which were developed at the meeting of the school board, but the last sentence thereof clearly appears to be an expression of opinion on the part of the reporter, to-wit, " This development does not speak very well for those who designed and built Binghamton's new High School."

A newspaper reporter may report anything that occurs publicly, without fear of any action, provided

only that his reports are fair and accurate, and not interspersed with comments of his own. The reporter must add nothing of his own. He must not state his opinion of the conduct of the parties. Odgers Lib. & Sland. 247; Newell Sland. & Lib. (2d ed.) 544; *Storey v. Wallace,* 60 Ill. 51.

Obviously, where a libelous article shows on its face that it is not a report of any public proceedings, but purports to be the publisher's own statements and comments, a defense of privilege is unavailable.

The separate demurrer to the defenses of justification and privilege is therefore sustained, with costs.

Ordered accordingly.