RALPH K. JACOBS, Respondent, v. WILLIAM B. HERLANDS, Appellant.— Order, as resettled, granting motion to strike out the first and second separate and complete defenses and the third separate and partial defense contained in the amended answer modified so as to deny the motion to strike out the third separate and partial defense and, as so modified, affirmed, without costs. Defendant is granted leave to serve a second amended answer within ten days from the entry of the order hereon. We assume, but do not decide, that the defendant was empowered to conduct an investigation of the office of the district attorney of Kings county, a question which involves determination as to whether or not any part of the administration of that office has been committed to the city of New York (*Matter of Hirshfield* v. *Cook*, 227 N. Y. 297, 301), and whether payment for maintenance of such office is a city obligation or that of the State by utilization of the tax collection machinery of the city. (*Mayor, etc., of City of N. Y.* v. *Davenport*, 92 N. Y. 604, 616.) The defense of privilege is insufficient because that defense fails to invoke any authority from which it would appear that the alleged defamatory matter was published by the defendant as part of his official duties. (*Bingham* v. *Gaynor*, 203 N. Y. 27.) The defense of truth is not as broad as the charge and there is omitted from such defense any reference to matter attributed to the defendant in subdivision " (D) " of paragraph " Fourteenth " of the complaint, and an issue with respect to the publication of such matter is created by denials contained in the answer. In addition, admissions of the publication of the alleged defamatory matter would not constitute a defense of truth, but rather a reiteration of the alleged defamation. The cause of action rests upon alleged innuendoes to the effect that the defendant in his official capacity was possessed of proof of plaintiff's corruption or unfaithfulness while in public office, and the innuendoes as alleged in the complaint are not alleged in the proposed defense to be true. Truth of some of the statements attributed to the defendant may be shown in mitigation of damages. (*Fleckenstein* v. *Friedman*, 266 N. Y. 19.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.