### SWEENEY v. BUFFALO COURIER EXPRESS, Inc.

### SAME v. POST PUB. CO., Inc.

#### Nos. 335, 336.

District Court, W. D. New York.

July 24, 1940.

Holt, Holt & Holt, of Buffalo, N. Y., for plaintiff.

Price & Miller, of Jamestown, N. Y., for defendant Post Pub. Co.

Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y., for defendant Buffalo Courier Express, Inc.

KNIGHT, District Judge.

The causes of action herein are based upon an alleged libel published in the same form by both defendants, and the cases will be treated as one. Plaintiff moves to strike out the answer of defendant as insufficient in law for the reason that it fails to set forth the facts constituting the alleged defenses but pleads by conclusion only. In the alternative plaintiff moves for a bill of particulars wherein defendant shall state all facts, in justification of such libel and the truth thereof, supporting the conclusive allegations of the answer.

■ The first defense set up by the answer admits that defendant is the publisher of the newspaper known as the "Buffalo Courier-Express", the circulation of the matter alleged to be libellous, that plaintiff has been a member of Congress for seven years and is a member of the bar of the State of Ohio. All other allegations are denied. It is substantially a defense of denial and as such does not require the allegation of facts to support it. Thus it is not open to the same charges made by plaintiff against the other defenses alleged.

■ The other defenses all set up the defense of truth, without setting up facts showing that the alleged libellous statements are true. Such a pleading exhibits a definite lack of the specificness required in a pleading. It fails to point out to the plaintiff the defense which will be raised against the prima facie case.

■ There is no need for defendant to set forth any evidence or to disclose the names of witnesses. These are not and never have been required in a pleading. However, an answer does require a statement of such definite nature that plaintiff will be informed of the defense he must be prepared to meet. Barrows v. Carpenter, 2 Fed.Cas. page 943, No. 1,058; Med-A-Dent Co. v. Caulk Co., D.C., 4 F.2d 126; Kansas City Star Co. v. Carlisle, 8 Cir., 108 F. 344; Bingham v. Gaynor, 203 N.Y. 27, 96 N.E. 84; Jacobs v. Herlands, 257 App.Div. 1050, 13 N.Y.S.2d 707; Vosbury v. Utica Daily Press Co., 105 Misc. 134, 172 N.Y.S. 609.

■ It is defendant's contention that if there is a deficiency in the pleading, the plaintiff may have recourse to pre-trial procedure or the taking of depositions for the determination of the trial issues. It is not thought that the rules relating to the foregoing procedures were intended to relax the requirements with regard to pleading to the extent suggested. While the new rules seek to liberalize practice and free it from many time-worn and traditional limitations, it was not the intent to allow a pleading, not requiring a response, to be made in so loose a manner as to require the opposing party to seek the use of further procedures. Such an interpretation adds to the work of the court by adding additional steps in each action, whereas such steps were intended to ease the burden of the court by simplifying the determination of the issues.

■ The third, fourth and fifth defenses are also based upon the principle of fair comment upon a matter of public

concern. To support such a defense, facts should be alleged to establish the privileged character of the communication.

The defendant may have twenty days after the service of a copy of an order hereon in which to amend its answer. In the event of its failure so to do, the answer may be stricken.