James E. FOLSOM, Plaintiff,

v.

DELL PUBLISHING COMPANY, Inc., Defendant, and three other cases.

James E. FOLSOM, Plaintiff,

v.

The READER'S DIGEST ASSOCIATION, Inc., Defendant, and three other cases.

United States District Court
S. D. New York.
Jan. 26, 1955.

Leo Gitlin, New York City, G. Ernest Jones, Beddow & Jones, Birmingham, Ala., for plaintiffs.

Lord, Day & Lord, New York City, for defendants, Thomas F. Daly, New York City, of counsel.

PALMIERI, District Judge.

These are actions for damages arising out of the publication by the defendants of an allegedly defamatory article entitled "Devil's Island, U.S.A." and dealing with the prison and parole systems in the State of Alabama. The plaintiffs have moved to strike all but one of the affirmative defenses in the answers, and with respect to the remaining defense (truth) they have moved to strike all but one of the allegations constituting that defense. See Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A.

The answers set up (1) truth, (2) statutory privilege under section 337 of the New York Civil Practice Act, and (3) fair comment as complete affirmative defenses; and (4) belief in the truth of the matter published, and (5) reliance on prior publications and investigations as partial defenses. The plaintiffs attack these defenses on the ground that they are insufficient. They also attack almost all of the allegations made thereunder on the ground that they are immaterial, impertinent, scandalous, "pure propaganda" and "pure argument."

The motions must be denied. The defenses pleaded raise relevant issues of law and fact and no showing of prejudice has been made by the plaintiffs. See Samuel Goldwyn, Inc., v. United Artists Corporation, D.C.S.D.N.Y.1940, 35 F.Supp. 633; Forstmann Woolen Co. v. Murray Sices Corporation, D.C.S.D.N.Y. 1950, 10 F.R.D. 367; American Machine & Metals, Inc., v. De Bothezat Impeller Co., D.C.S.D.N.Y.1948, 8 F.R.D. 306, 308.

All of the defenses pleaded are valid. Truth is a proper defense. It must be pleaded so that the facts showing the alleged libelous statements to be true are set forth with such precision and clarity that the defenses can be understood by the adversary who is to meet them and by the Court which must make rulings with respect to them. Sweeney v. Buffalo Courier Express, Inc., D.C.W.D.N.Y.1940, 35 F.Supp. 446; Verges v. News Syndicate Co., D.C.S.D. N.Y.1951, 11 F.R.D. 587; Van Ness v. Hamilton, 1822, 19 Johns., N.Y., 349, 368; Bingham v. Gaynor, 1911, 203 N.Y. 27, 34–35, 96 N.E. 84.

What has been said applies in large measure to the other defenses sought to be stricken. The defenses of statutory privilege under section 337 [1] of the New York Civil Practice Act and of fair comment depend for their validity in part upon truth and in part upon the fairness of the comment. They are clearly issues for the jury upon proper instructions by the trial court. See Briarcliff Lodge Hotel, Inc., v. Westchester Newspapers, Inc., 1932, 260 N.Y. 106, 183 N.E. 193; Foley v. Press Publishing Co., Inc., 1st Dept. 1929, 226 App. Div. 535, 235 N.Y.S. 340. The partial defenses of belief in truth of the matter published and prior publication are valid for the purpose of mitigating damages, and, provided they are pleaded, they are factual issues for submission to the jury under appropriate instructions. See Mattice v. Wilcox, 1895, 147 N.Y. 624, 42 N.E. 270; Kenna v. Daily Mirror, Inc., 1st Dept. 1937, 250 App.Div. 625, 629–630, 295 N.Y.S. 219, affirmed 276 N. Y. 483, 12 N.E.2d 168; N.Y.Civ.P.A. §§ 338, 339.

With respect to the plaintiffs' objection that many of the allegations are scandalous, or "pure propaganda," it must be pointed out that in referring to

---

1. This section provides in part as follows: "A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial, legislative or other public and official proceedings * * *."

an unpleasant subject the use of unpleasant words is often required. In the light of the serious responsibilities resting upon the defense pleader in this case, I do not believe any of the allegations complained of should be stricken. The allegedly defamatory article is quoted *in extenso* in the complaint and takes up approximately seven pages. Perforce, many of the unpleasant aspects of the subject matter had to be dealt with in the affirmative defenses. Undoubtedly the defendant could have framed a more concise pleading under the Federal Rules of Civil Procedure without sacrificing any of its substantive rights. See Shepherd v. Popular Publications, Inc., D.C.S.D.N.Y.1950, 10 F.R.D. 389. Had this been done, however, it would have precipitated a great deal more pretrial activity than has already taken place in this action; cf. Sweeney v. Buffalo Courier Express, Inc., D.C.W.D.N.Y. 1940, 35 F.Supp. 446. In my opinion, to compel a recasting of the answer at this advanced stage of the litigation would not accomplish any useful purpose. The policy of the Rules of Civil Procedure can better be served by permitting the answer to stand, thereby expediting a trial on the merits.

The motions are therefore denied. Submit orders on notice.