John F. MORIARTY, Plaintiff,

v.

Joseph CURRAN, M. Hedley Stone, John G. McDougall, Adrian L. Duffy and George W. Streator, Defendants.

United States District Court
S. D. New York.

Jan. 31, 1956.

On Reargument March 23, 1956.

Meyer Kraushaar, New York City, for plaintiff.

Cooper, Ostrin & DeVarco, Herman E. Cooper, H. Howard Ostrin, and Eugene N. Sosnoff, New York City, of counsel, for defendants.

EDELSTEIN, District Judge.

In a libel action plaintiff moves, under Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A., to strike defenses in the answer as insufficient. "Complete" and "partial" defenses, see Shepherd v. Popular Publications, Inc., D.C.S.D.N.Y., 10 F.R.D. 389, are pleaded and plaintiff attacks them on the ground that they are set forth in a conclusory manner, without specification of fact.

It is, of course, true that pleadings in a federal court served the purpose of mere notice giving, and it is not only unnecessary but improper to plead evidentiary matter. Nevertheless, in actions for libel, it appears that notice of defenses must be given with sufficient particularity to inform the plaintiff of what he must be prepared to meet. Folsom v. Dell Publishing Company, D.C. S.D.N.Y., 131 F.Supp. 464; Sweeney v. Buffalo Courier Express, D.C.W.D.N.Y., 35 F.Supp. 446; Verges v. News Syndicate Co., D.C.S.D.N.Y., 11 F.R.D. 587. It is an inadequate pleading that necessitates pretrial discovery procedure for the determination of such trial issues.

In the first defense, justification, the answer states essentially that the charges claimed to be libelous are true. Inasmuch as the charges were not so specific as to apprise plaintiff of the facts defendants will be called upon to justify, the defense is insufficient. Bingham v. Gaynor, 203 N.Y. 27, 96 N.E. 84. To

plead the defense of truth properly, defendants will be obliged to allege facts to show that the alleged libelous statements are true.

The second defense of fair comment is similarly insufficient. No attempt is made to set forth which statements are claimed to be true statements of fact and which fair comment upon those statements. Klein v. Biben, 188 Misc. 681, 68 N.Y.S.2d 759; Metropolitan Life Ins. Co. v. Knickerbocker Broadcasting Co., Inc., 172 Misc. 811, 15 N.Y.S.2d 193. The third and fourth defenses attempt to plead the qualified privileges of reply and communication within the union, but none of the facts of privilege is pleaded. The mere invocation of a privilege by name or conclusory allegation is insufficient. Meyers v. Huschle Bros., Inc., 273 App.Div. 107, 75 N.Y.S.2d 354.

By the same token, the seventh, eighth and ninth defenses in mitigation are inadequate. In pleading mitigation, the particular mitigating circumstances themselves must be stated, including the sources of defendants' information and the grounds for their belief, so as to show absence of actual malice. Meyers v. Huschle Bros., Inc., supra. The defendants' conclusory allegations fall short of this requirement.

The fifth defense alleges the absence of "libel per se" and the sixth realleges all previously stated "complete" defenses as "partial" defenses. The issue thus presented, notwithstanding that it may be obvious of resolution, is not properly resolved on a motion to strike. The sufficiency of the defense is based upon facts, their interpretation and application, and upon the inferences to be drawn, however apparent all these may be, and will be reserved for the trial. Accordingly, the fifth defense, and so much of the sixth as realleges the fifth will not be stricken.

The remaining defenses will be stricken, with leave to the defendants to amend within 20 days of the settlement of an order.

## On Reargument

Upon a motion by defendants, reargument was held on plaintiff's motion, which had been granted, to strike as insufficient defenses in an answer to a complaint alleging libel. A thorough reconsideration persuades me that the motion should not have been granted.

Reliance was placed, principally, upon Sweeney v. Buffalo Courier Express, Inc., 35 F.Supp. 446, but upon critical reflection, I am now constrained to disagree. As stated in the previous memorandum, the pleadings in a federal court serve the purpose of mere notice giving. And the Federal Rules of Civil Procedure require that a pleading shall be simple, concise and direct. Rule 8(b) provides, in part: "Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies * * *." Rule 8(e)(1) further provides that: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Tested by these standards, the defenses are adequately pleaded. The Federal Rules provide quite satisfactorily for the eliciting of detailed facts, and it is an entirely proper practice to leave to these pre-trial procedures the particularization of notice-giving pleadings. The plaintiff is in no way prejudiced by the lack of specificity in the answer and may not be heard to complain that he cannot know what he must be prepared to meet.

Accordingly, on reargument, the plaintiff's motion will be denied.