457 P.2d 998

**Terrill Lee ESLINGER, Plaintiff-Appellee,**

**v.**

**Thomas A. HENDERSON and Martha A. Henderson, Defendants-Appellants.**

**No. 302.**

Court of Appeals of New Mexico.

July 25, 1969.

**480**

T. B. Keleher, Keleher & McLeod, Albuquerque, for appellants.

· Melvyn D. Baron, Albuquerque, for appellee.

## OPINION

HENDLEY, Judge.

One of the defendants publicly called plaintiff a "son of a bitch" and accused him of stealing seven dollars. Plaintiff filed a complaint; defendants answered with a general denial; a trial was held and judgment was entered against defendants.

· Defendants claim five points of error for reversal. They do not attack the trial court's determination that the statements made were slander per se.

1. *The trial court erred in granting judgment against defendant Martha A. Henderson.*

The trial court found that it was Thomas A. Henderson who made the statements and concluded the statements were slander per se. It made no findings and entered no conclusions as to Martha. Yet it entered judgment against both defendants. Galvan v. Miller, 79 N.M. 540, 445 P.2d 961 (1968) states:

> "It is basic that a judgment cannot be sustained on appeal unless the conclusion upon which it rests finds support in the findings of fact."

■ Here neither the findings nor conclusions support the judgment against Martha. The judgment against her cannot be sustained.

■ Plaintiff says that the point is not before us for consideration because it is raised for the first time on appeal. We disagree. The requested findings of both parties presented the question of what, if anything, was done by Martha. Defendants' requested findings raised the issue whether plaintiff suffered any damage as a result of actions by Martha. The issue of Martha's liability had been presented to the trial court.

2. *The trial court erred in denying defendants the right to prove the truth of the slander.* We disagree.

■ During the presentation of the defense, in the direct examination of defend-

ant Thomas, the trial court refused to allow presentation of evidence as to the truth of the theft accusation. After the trial, but before judgment was entered, defendants moved to be allowed to tender proof that plaintiff had stolen the seven dollars. After argument on the motion the trial court indicated that its reason for excluding the evidence at trial was incorrect, but that the ruling was correct on other grounds. On review, rulings of the trial court which exclude evidence will stand if they are supported on any legal ground. Rubin v. Town of Arlington, 327 Mass. 382, 99 N.E.2d 30 (1951); see also Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967) and Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781 (1967).

At the motion hearing, the trial court stated that evidence was properly excluded because truth was an affirmative defense and this defense had not been pleaded. Compare Fredenburgh v. Allied Van Lines, Inc., 79 N.M. 593, 446 P.2d 868 (1968). We add that there was no motion, at the trial, to amend the pleadings to add this defense.

■ Defendants contend that since plaintiff's complaint had to allege falsity and since defendants' answer denied each and every material allegation of the complaint, then defendants' answer raised the defense of truth. We cannot agree.

■ Truth is an affirmative defense, and here as in libel suits, notice of defenses must be given with sufficient particularity to adequately inform the plaintiff of the defenses he must be prepared to meet. Moriarty v. Curran, 18 F.R.D. 461 (S.D.N.Y.1956); Folsom v. Dell Publishing Company, 131 F.Supp. 464 (S.D.N.Y. 1955).

■ Defendants assert § 21-4-9, N.M.S.A.1953 allows them to plead and prove the truth of the accusation. While this is true, it misses the point. Because defendants failed to allege the affirmative defense of truth in their answer the trial court correctly excluded evidence on this matter. Section 21-1-1(8) (c), N.M.S.A. 1953. Nor did the trial court abuse its discretion in refusing to permit defendants, a month after the trial had been concluded, to amend their pleading to assert the defense of truth and introduce evidence on this issue. Foreman v. Myers, 79 N.M. 404, 444 P.2d 589 (1968); Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968).

3. *Defendants contend, that in light of the circumstances, a $200.00 damage award is excessive.* We disagree.

■■ The trial court found that plaintiff had been injured " . . . in his good name and character amongst his friends, neighbors and acquaintances and his good standing in the community." This finding is not attacked. By the rules for determining excessive compensatory damages, the $200.-00 award is not excessive. See Sweitzer v. Sanchez, Ct.App., 456 P.2d 882, decided June 20, 1969. Further, in defamation actions, when the words are actionable per se, proof of damages is not required and need not be computed with mathematical certainty.

4. *Defendants contend that $1,000.00 punitive damages was excessive.* We disagree.

■ When punitive damages are warranted, the trier of fact has broad discretion in determining the amount. Here, punitive damages were warranted. The trial court's unattacked finding is that the statements made by Thomas were malicious. See Sweitzer v. Sanchez, supra. The $1,000.00 award is not so unrelated to the injury found by the trial court as to manifest passion and prejudice. Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713 (1954); Sweitzer v. Sanchez, supra. We cannot say that, as a matter of law, the award is excessive.

5. *Defendants lastly contend that the court's findings do not support the judgment.* We disagree.

■ Neither the trial court's findings of fact nor conclusions of law stated

that defendants' statements were false. However in its findings of fact the court found the statements "slandering" and in its conclusion of law the court found the statements "slander per se." The word "slander" includes falsity. Citing Pollard v. Lyon, 91 U.S. 225, 23 L.Ed. 308 [(1876)], Black's Law Dictionary (4th Edition 1951) defines "slander" as "Oral defamation; the speaking of false and malicious words concerning another, whereby injury results to his reputation." See also Lloyd v. Commissioner of Internal Revenue, 55 F.2d 842 (7th Cir. 1932). Therefore, there is no merit to the contention that the court did not find the statements false.

The judgment is reversed as to Martha A. Henderson, and affirmed as to Thomas A. Henderson.

It is so ordered.

OMAN and WOOD, JJ., concur.