681 P.2d 1114

**XORBOX, A DIVISION OF GREEN & KELLOGG, INC., Plaintiff-Appellee,**

v.

**NATURITA SUPPLY CO., INC., and Robert O. Wenzel, Defendants-Appellants.**

**No. 14836.**

Supreme Court of New Mexico.

June 4, 1984.

Briones & Pittard, R. Blair Woods, Farmington, for defendants-appellants.

Armijo, Baggett & Cameron, Andrew L. Cameron, Farmington, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

This is an appeal of an award of attorney's fees from a default judgment in the San Juan County District Court. The plaintiff, Xorbox, a Division of Green & Kellogg, Inc. (Xorbox) originally filed suit in New York against Naturita Supply Co., Inc. (Naturita) for recovery upon a promissory note and personal guarantee. The New York court granted relief to Xorbox for the principal and interest due on the note. Two months later a complaint for recovery of the New York judgment was filed in the New Mexico district court. In addition to granting recovery on the New York judgment, the New Mexico court awarded costs and reasonable attorney's fees as provided in the note. In each suit, judgment by default was entered against Naturita.

The principle issue before this Court is whether the affirmative defense of res judicata, raised by the defendant for the first time on appeal, has the effect of barring recovery of attorney's fees in the New Mexico default judgment. We conclude this defense was waived by Naturita and affirm the New Mexico district court's default judgment and granting of attorney's fees.

Correct procedure was followed with personal service completed on Naturita in the New Mexico suit. Naturita failed to answer or appear and the district court ordered a judgment by default. The New Mexico court entered an award for the following relief requested by Xorbox: $24,-316.50 judgment as set by the New York court; $8,108.50 in attorney's fees; and costs of $65.00.

Naturita then filed a motion to set aside the default judgment and a request for a temporary restraining order to prevent a discovery deposition. The New Mexico district court heard counsel for both parties and denied the motion. The following day a deposition to discover the assets of Naturita was held. During the deposition, the parties reached a settlement agreement which was transcribed by the court reporter and filed with the court.

Pursuant to the settlement, Naturita executed a *new* promissory note in favor of Xorbox secured by a real estate mortgage on property owned by Naturita. The new note called for payment by Naturita of $24,316.50 with interest at 18% per annum; attorney's fees in the sum of $8,105.50; and $75.43 in costs. Naturita made a timely initial payment of $10,000 on the new note, 45 days after its execution. There is no record of this payment being made with reservation, a restriction or under protest. Xorbox viewed the payment as a voluntary remittance due on a freely executed promissory note.

Naturita raises the following three points of error: 1) the recovery of attorney's fees by Xorbox in the New Mexico action was barred by the doctrine of res judicata; 2) awarding attorney's fees in the amount of $8,100.00, without a special evidentiary hearing, was an abuse of discretion by the trial court; and 3) the compromise settlement agreement is not voluntary, as it was made after the New Mexico judgment was entered.

As to the first point, Naturita argues that under the Full Faith and Credit Clause of the United States Constitution, the judgments of any state must be accorded the

same force and effect in all other states as would be accorded in the state in which the judgment was rendered. U.S. Const. art. IV, § 1; *Barker v. Barker,* 94 N.M. 162, 608 P.2d 138 (1980); *see also, Hampton v. McConnell,* 16 U.S. (3 Wheat) 233, 234, 4 L.Ed. 378 (1818) (full faith and credit given on a money judgment); *Mitchell v. Pincock.* 99 Idahoe 56, 577 P.2d 343 (1978) (full faith and credit includes res judicata). Naturita asserts that under the doctrine of res judicata, Xorbox was bound by the judgment of the New York court, and was not permitted to add its claims for attorney's fees and costs when it brought the foreign judgment into New Mexico to be enforced. In addition, Naturita maintains that the procedural position in which it found itself made it impossible to raise the res judicata defense and therefore claims an exception under Rule 11. NMSA 1978, Civ.App.R 11 (Cum.Supp.1983).

■ New Mexico Civil Appellate Rule 11 provides in pertinent part: "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." NMSA 1978, Civ.App.R. 11 (Cum. Supp.1983); *Robinson v. Katz,* 94 N.M. 314, 610 P.2d 201 (Ct.App.) *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980). This rule is inapplicable here as Naturita had ample time to complain but did not. Naturita chose to ignore the New Mexico court proceeding even after notice by personal service; additionally, the record reflects both counsel were heard at the motion to set aside the default judgment.

Naturita's position essentially is that its res judicata defense to the default judgment award of attorney's fees should apply despite the fact that the defense has not previously been raised. Under Rule 8(c) of New Mexico Rules of Civil Procedure, res judicata is an affirmative defense. Rule 8(c) places the burden on the defendant to raise any matter which would constitute an affirmative defense to the plaintiff's complaint. *McCasland v. Prather,* 92 N.M. 192, 585 P.2d 336 (Ct.App.1978). Under certain circumstances, amended pleadings

are permitted to raise an affirmative defense. *Chavez v. Kitsch,* 70 N.M. 439, 374 P.2d 497 (1962). Facts or issues *litigated* during trial may, under limited conditions, be considered an affirmative defense. *Prinz v. Great Bay Casino Corp.,* 705 F.2d 692 (3rd Cir.1983); *Terrill v. Western Am. Life Ins. Co.,* 85 N.M. 456, 513 P.2d 390 (1973); *Posey v. Dove,* 57 N.M. 200, 257 P.2d 541 (1953); *but see Eslinger v. Henderson,* 80 N.M. 479, 457 P.2d 998 (Ct.App. 1969) (after trial closure, the opponent must not be prejudiced by permitting an affirmative defense not pleaded).

■ It was incumbent upon Naturita to raise the affirmative defense of res judicata at the time it received the New Mexico pleadings or at any point prior to the entry of the default judgment. Having failed to do so, Naturita cannot now raise the defense. Issues raised for the first time on appeal may not be considered. NMSA 1978, Civ.App.R. 11 (Cum.Supp.1983); *Montano v. Saavedra,* 70 N.M. 332, 373 P.2d 824 (1962); *Phillips v. United Service Automobile Association,* 91 N.M. 325, 573 P.2d 680 (Ct.App.1977). Moreover, it is well settled that an affirmative defense not pleaded or otherwise properly raised is waived. *State Farm Mutual Automobile Insurance Co. v. Mid-Continent Casualty Co.,* 518 F.2d 292, (10th Cir.1975); *Radio Corp. of America v. Radio Station KYFM, Inc.,* 424 F.2d 14 (10th Cir.1970); *Santistevan v. Centinel Bank of Taos,* 96 N.M. 730, 634 P.2d 1282 (1981); *Fredenburgh v. Allied Van Lines, Inc.,* 79 N.M. 593, 446 P.2d 868 (1968). In applying this rule to the affirmative defense of res judicata, the federal courts also take the position that if res judicata is not pleaded in district court it is not available on appeal. *Hifai v. Shell Oil Co.,* 704 F.2d 1425 (9th Cir.1983); *Nevels v. Hanlon,* 656 F.2d 372 (8th Cir.1981); *Johnson v. Rogers,* 621 F.2d 300 (8th Cir.1980); *Sartin v. Commissioner of Public Safety of the State of Minnesota,* 535 F.2d 430 (8th Cir.1976); *State Farm Mutual Automobile Ins. Co. v. Mid Continent Casualty Co.,* 518 F.2d 292 (10th Cir.1975); *Crowe v. Cherokee Won-*

*derland, Inc.,* 379 F.2d 51 (4th Cir.1967); *see also, Huffman v. Pursue, Ltd.,* 420 U.S. 592 at 607 n. 19, 95 S.Ct. 1200 at 1210 n. 19, 43 L.Ed.2d 482 (1975); *Prinz v. Great Bay Casino Corp.,* 705 F.2d 692 (3rd Cir.1983) (the rule as applied to collateral estoppel).

We have held previously that a default judgment is to be considered a final judgment. *United Nuclear Corp. v. General Atomic Co.,* 96 N.M. 155, 629 P.2d 231 (1980). This Court takes a firm position regarding the effect of default judgments.

> It would usher in a new era in the dynamics of litigation if a party could suffer a default judgment to be entered against it and then go about its business as if the judgment did not exist and as though, despite the opportunities to comply with the court's orders and to defend on the merits which had been ignored, the slate was wiped clean and a new day had dawned. To state the proposition is to expose the folly of it.

*Id.* at 240, 629 P.2d at 316 (1980) (quoting *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 63, 64 (2nd Cir.1971); *see also United States v. Martin,* 395 F.Supp. 954 (S.D.N.Y.1975); 1B *Moore's Federal Practice,* ¶ 0.409[4] at 1025 (2nd ed. 1980).

In upholding the default judgment in *United Nuclear,* we queried in our conclusion why, if the appellant there thought the litigation was without merit, he did not promptly answer, press for an early trial, and get a judgment to that effect. *United Nuclear* at 253, 629 P.2d at 329. Indeed, the same can be said of the appellant here.

The opportunity to defend against the claim for attorney's fees and costs was available. We cannot reward those who sleep on their rights and ignore a summons to appear in court to defend their position. In New Mexico, res judicata is an affirmative defense which must be raised or it is permanently waived. Had a res judicata defense been raised, the proper forum would have been in the New Mexico suit. We find Naturita had ample opportunity to raise the defense and did not. We hold the defense of res judicata was waived.

In light of our disposition of this issue, we need not reach the question whether the requisite elements for the application of res judicata, *Myers v. Olson,* 100 N.M. 745, 676 P.2d 822 (1984), are present. We also need not consider whether the district court abused its discretion awarding attorney's fees, *Aguilar v. Penasco Independant School District,* 23 SBB 111 (1984); or whether the compromise settlement agreement was voluntary.

The district court is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and WALTERS, J., concur.