■ Agnes M. Davis, Respondent, v Independent Transporters of the Handicapped, Inc., et al., Appellants, et al., Defendant. [641 NYS2d 114] —In an action to recover damages for defamation, the defendants Independent Transporters of the Handicapped, Inc., Walter Stockton, Garrett Nagel, Stacey Call, and Cathy Crisce appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 7, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for summary judgment is granted, and the complaint is dismissed insofar as asserted against them.

The plaintiff, a bus driver, commenced this action to recover damages based on allegedly defamatory statements made by certain of her supervisors and officers of her employer, the appellant Independent Transporters of the Handicapped, Inc., in the course of the plaintiff being discharged from her job. The discharge stemmed from a complaint lodged by a manager of a group residence whose handicapped clients the plaintiff transported. The manager accused the plaintiff of acting unprofessionally in the course of performing her duties as a bus driver.

It is well settled that the public interest is served by shielding certain communications, though possibly defamatory, from litigation, rather than risk stifling them altogether (*see, Bingham v Gaynor,* 203 NY 27, 31).

"When compelling public policy requires that the speaker be immune from suit, the law affords an absolute privilege, while statements fostering a lesser public interest are only conditionally privileged (*see, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 135-136; *Park Knoll Assocs. v Schmidt,* 59 NY2d 205) * * *

"One such conditional, or qualified, privilege extends to a 'communication made by one person to another upon a subject in which both have an interest' (*Stillman v Ford,* 22 NY2d 48, 53)" (*Liberman v Gelstein,* 80 NY2d 429, 437).

In the case at bar a qualified privilege applies to the allegedly defamatory statements since the appellants, as the plaintiff's employers, shared a common interest in fielding a complaint that the plaintiff was not acting professionally in her capacity as an employee. "The shield provided by a qualified privilege may be dissolved if plaintiff can demonstrate that defendant spoke with 'malice'" (*Liberman v Gelstein, supra,* at 437). However, the plaintiff failed in her burden to submit evidence in admissible form to show such malice as would defeat

the qualified privilege. Accordingly, the appellants established their entitlement to summary judgment. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.